ARAGUNDO, DEMANDANTE Y APELANTE, *v.* RAMOS, DEMANDADO Y APELADO.

No. 3126.—*Visto:* Enero 15, 1924. *Resuelto:* Abril 28, 1924.

DESAHUCIO—APARCERÍA—PRECARIO.—Cuando una persona no detenta la posesión de una finca sin pagar canon o merced alguno, sino que entró en la posesión de la misma a virtud de un contrato de aparcería, no puede sostenerse que su posesión sea en precario.

ID.—APARCERÍA—ARRENDAMIENTO.—Aun cuando el arrendamiento por aparcería tenga por base la cesión que el dueño de la cosa hace al tercero con quien

celebra el contrato para los fines que le son propios, como de éste nacen entre los que pactan vínculos jurídicos especiales que el legislador ha tenido en cuenta para regularlos en primer término por las disposiciones relativas al contrato de sociedad, no sería conforme con la naturaleza de aquel contrato extender al mismo la acción de desahucio en favor del arrendador, porque tales vínculos difieren de los inherentes a los arrendamientos comunes, y sólo en juicio ordinario puede discutirse consiguientemente el alcance de los derechos y obligaciones que de aquéllos nacen.

Sentencia de *Gabriel Castejón,* J. (Guayama), declarando sin lugar la demanda, sin costas. *Confirmada.*

*M. Guzmán Texidor,* abogado del apelante; *T. Bernardini,* abogado del apelado.

El Juez Presidente Señor del Toro, emitió la opinión del tribunal.

Angel Aragundo como apoderado de Manuel Otero estableció demanda de desahucio contra Felipe Ramos alegando que Ramos poseía en precario una finca de Otero y se negaba a desalojarla. Contestó Ramos que en efecto estaba en posesión de la finca pero no en precario, sino a virtud de un contrato de aparcería. Fué el pleito a juicio y la corte declaró finalmente la demanda sin lugar.

No conforme el demandante interpuso el presente recurso de apelación señalando en su alegato dos errores cometidos a su juicio por la corte al desestimar cierta moción eliminatoria y al apreciar la prueba y aplicar la ley.

Ambos errores pueden estudiarse conjuntamente. La verdadera cuestión envuelta es la de si habiendo sido una persona demandada en desahucio como poseyendo en precario y habiendo dicha persona alegado y presentado prueba tendente a establecer la existencia de un contrato de aparcería, debe o no desestimarse la demanda.

El juez de distrito resolvió la cuestión en sentido afirmativo. Hemos examinado los autos y opinamos que las alegaciones y las pruebas sostienen las conclusiones de hecho de la corte sentenciadora. Sentado esto, estudiemos la ley y la jurisprudencia aplicables.

El artículo 1482 del Código Civil Revisado, dice:

"El arrendamiento por aparcería de tierras de labor, ganados de

cría o establecimientos fabriles e industriales, se regirá por las disposiciones relativas al contrato de sociedad y por las estipulaciones de las partes, y en su defecto por la costumbre de la tierra.''

Refiriéndose Manresa al contrato que entraña el precepto legal transcrito, expone:

''Podemos, pues, afirmar fundadamente que la aparcería es un arrendamiento. Pero no es un mero arrendamiento de fincas al que convienen todos los preceptos dictados para éstos; la especialidad que presenta su precio, la mayor complejidad de relaciones que crea entre las partes, la índole de sus aplicaciones en la práctica, hasta su cualidad de medio apto para contribuir a solucionar la cuestión social en los campos, exigían una especial reglamentación que, arrancando de la afirmación de la naturaleza de arrendamiento que le es propia y le da el mismo artículo que comentamos, reconociese, sin embargo, todas las modalidades fundamentales con que su práctica puede entrañar resultados útiles.'' 10 Manresa. Comentarios al Código Civil, 625–26.

E interpretando la Corte Suprema de España el artículo 1578 del Código civil antiguo, que es exactamente igual al 1482 del Revisado que dejamos transcrito, estableció la siguiente doctrina:

''Que aún cuando el arrendamiento por aparcería tenga por base la cesión que el dueño de la cosa hace al tercero con quien celebra el contrato para los fines que le son propios, como de éste nacen entre los que pactan vínculos jurídicos especiales, que el legislador ha tenido en cuenta para regularlos en primer término por las disposiciones relativas al contrato de sociedad, no sería conforme con la naturaleza de aquel contrato extender al mismo la acción de desahucio establecida en el artículo 1569 del Código Civil, en relación con los 1564 y 1565 de la Ley de Enjuiciamiento, en favor del arrendador, porque tales vínculos difieren de los inherentes a los arrendamientos comunes, y sólo en juicio ordinario puede discutirse consiguientemente el alcance de los derechos y obligaciones que de aquéllos nacen.'' Sentencia de 29 de julio de 1902, 94 Jurisprudencia Civil, 155.

No es necesario razonar más. En repetidas decisiones esta Corte Suprema ha resuelto que no es el juicio sumario

de desahucio el apropiado para ventilar cuestiones de propiedad. Ahora se presenta este nuevo caso y el mismo principio es aplicable. El juicio ordinario ofrece a ambas partes todas las garantías necesarias para dilucidar los conflictos que surjan. Cuando una persona no detenta la posesión de una finca sin pagar canon o merced alguno, sino que entró en la posesión de la misma a virtud de un contrato de aparcería, no puede sostenerse que su posesión sea en precario. Si dicha persona falta a las condiciones del contrato, aléguese así en la demanda correspondiente y ventílese la cuestión dando al demandado plena oportunidad de defenderse. El desahucio se refiere a violaciones claras y simples; a detentaciones que no admiten explicación. Las relaciones creadas por el contrato de aparcería son o pueden ser de naturaleza compleja.

Habiendo, pues, la corte de distrito apreciado los hechos y aplicado la ley y la jurisprudencia rectamente, *debe confirmarse la sentencia recurrida.*

El Juez Asociado Señor Franco Soto no tomó parte en la resolución de este caso.