Arturo Torrellas Ramírez, demandante y apelado, *v.* Sucn. de Pablo F. Torrellas Ramírez y otros, demandados y apelantes.

Núm. 7942.—*Sometido:* Marzo 6, 1939. *Resuelto:* Marzo 21, 1939.

*Francisco González Fagundo,* abogado de la Sucesión apelante; *José Sabater,* abogado del apelado.

El Juez Asociado Señor Wolf emitió la opinión del tribunal.

Tenemos ante nos una moción para que se desestime por dos motivos el recurso de apelación interpuesto. El primero de ellos es que esta Corte Suprema no tiene jurisdicción porque los apelantes dejaron de notificar su escrito de apelación a los demás demandados que están en rebeldía, y quienes tienen interés directo en el resultado de la apelación. El segundo es en efecto que los apelantes han elevado un legajo de sentencia sin incorporar la prueba aducida durante el juicio.

La demanda en este caso es bastante extensa y alega que el demandante celebró un contrato con el causante de los demandados, y otros, según el cual el primero les adelantaría el dinero necesario para comprar una secadora de café para beneficio mutuo. Al demandante se le pagaría del producto de la empresa común. La tendencia general de la demanda es, conforme la leemos, que se trataba de una tentativa de recobrar de cada uno de los demandados la suma que éste adeudaba individualmente, luego de deducir las ganancias y de agregar los intereses. En la demanda se especifica la cantidad debida por cada uno de los demandados.

Los apelantes en este caso excepcionaron la demanda por falta de jurisdicción, puesto que la suma a ser recobrada en cada caso era menos de la cuantía jurisdiccional necesaria para que una demanda pueda ser radicada ante una corte de distrito. Podemos agregar que al celebrarse originalmente el contrato entre las partes, todos ellos eran condueños de determinada hacienda; que se practicó una partición de terrenos entre dichos demandados, de suerte que cada uno de ellos, durante el litigio y antes, tenía el dominio de su parte.

La corte inferior declaró sin lugar la excepción, manifestando que si bien la súplica de la demanda de ordinario no formaba parte de ésta, sin embargo, podía ser tomada en consideración en este caso, y que en la súplica se solicitaba se condenara a los demandados a pagar solidaria y mancomunadamente la suma de $615.28.

Dudamos seriamente que la demanda demuestre otra cosa que no sea una responsabilidad separada de parte de cada uno de los demandados. Sea ello como fuere, los hechos relativos a si los demandados responden colectiva o individualmente no son tan claros para que no se oiga a éstos en apelación sobre los méritos de su excepción. Eso en cuanto a los posibles méritos del caso.

Según hemos visto, los apelantes excepcionaron la demanda. Los otros demandados meramente permitieron que

se les anotara la rebeldía. Conforme entendemos, una sentencia en apelación declarando a la corte inferior sin jurisdicción resultaría, de resultar en algo, favorable a las partes que están en rebeldía. Si el recurso de apelación no ayudó o no podía ayudar a dichas partes, el hecho de que no fueran notificadas no les colocó en peor situación de la que hubieran estado de no haberse apelado. Por tanto, no podemos ver que los demandados en rebeldía sean las partes contrarias o adversas a que se refiere el Código de Enjuiciamiento Civil, y en su consecuencia, los casos en que descansa el apelado no son aplicables.

Es cuestión corriente, fortificada por mucha jurisprudencia de este tribunal; la de que para discutir una excepción previa el apelante no necesita incorporar la prueba. Esto resuelve el segundo motivo de la desestimación.

*Debe declararse sin lugar la moción para desestimar.*