CRISTINO RUIZ SOSA, en su carácter de apoderado de JUANA RUIZ SOSA, demandante y apelado, *v.* ANTULIO MARTÍNEZ y HORACIO MARTÍNEZ, demandados y apelantes.

Núm. 7987.—*Sometido:* Junio 12, 1939. *Resuelto:* Noviembre 30, 1939.

J. M. *Valentín Esteves,* abogado de los apelantes; *José Veray, Jr.,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR WOLF emitió la opinión del tribunal.

La moción para desestimar presentada en este pleito de desahucio se basa en que los apelantes no han elevado la transcripción de evidencia o la exposición del caso y en que la apelación es frívola.

Los demandados presentaron varias excepciones previas en la corte inferior y las mismas fueron declaradas sin lugar. Igualmente radicaron una contestación. El caso fué a juicio y se dictó sentencia en favor del demandante. Los demandados apelaron pero en su alegato sólo plantean como errores el haberse declarado sin lugar dichas excepciones.

Este tribunal repetidamente ha decidido que no es menester que la parte apelante eleve la transcripción de evidencia cuando la apelación gira sobre cuestiones que aparecen del legajo de la sentencia y no envuelve cuestiones de hecho. (Véase *Torrellas* v. *Sucn. Torrellas,* 54 D.P.R. 525.) Este motivo de la moción no puede prevalecer. Empero, la alegación de frivolidad está bien fundada.

El demandante radicó una demanda de desahucio ante la Corte de Distrito de Aguadilla y alegó sustancialmente:

1.—Que el demandante es mayor de 21 años, casado, empleado y vecino de Río Piedras y comparece como apoderado de su hermana,

doña Juana Ruiz Sosa, mayor de edad, viuda, de oficios domésticos y vecina de Río Piedras, mencionando la escritura de poder; y los demandados Antulio Martínez y Horacio Martínez son mayores de 21 años, casados, agricultores y vecinos de Isabela.

2.—Que doña Juana Ruiz Sosa es dueña de la siguiente finca:

"RÚSTICA: Sita en el barrio Coto de Isabela, de 10 cuerdas, o sean 3 hectáreas, 93 áreas y 4 centiáreas, conteniendo una casa y lindando por el Norte y Este, con un callejón, Sud, con más terrenos de la finca principal de donde ésta se segrega, o sea José Martínez Torres; Oeste, Ramón Martínez. Inscrita al folio 209 del tomo 48 de Isabela, finca Núm. 2839, inscripción primera, afecta a una hipoteca a favor del Federal Land Bank of Baltimore por dos mil dólares."

3.—Que la finca antes descrita la adquirió la referida doña Juana Ruiz Sosa, por donación por razón de matrimonio, que le hizo su esposo don José Martínez Torres, según resulta de la escritura que se describe.

4.—Que el día 18 de julio de 1937 doña Juana Ruiz Sosa celebró un contrato de arrendamiento mediante contrato privado con el codemandado Antulio Martínez, sobre la finca arriba descrita, por un término de cinco años a partir de la expresada fecha, mediante un canon de sesenta dólares anuales.

5.—Que el indicado codemandado Antulio Martínez poseyó la antes indicada finca en concepto de arrendamiento solamente hasta fines de julio del año 1938, o sea un año, expresando sus deseos a la dueña de la finca de no continuar más en el arrendamiento, por lo que ambos de común acuerdo y verbalmente lo rescindieron,.... dejándolo sin efecto ni valor legal alguno, haciendo entrega el referido codemandado Antulio Martínez de dicha finca a su dueña doña Juana Ruiz Sosa, quien entró inmediatamente en posesión de la misma y ésta cedió algunas parcelas de dicha finca a varios medianeros para que la cultivasen.

6.—Que el indicado codemandado Antulio Martínez allá para el primero de diciembre del año 1938 y por escritura núm. 164, otorgada en Isabela ante el notario José Valentín Esteves, sin derecho alguno para ello y sin el consentimiento de doña Juana Ruiz Sosa, ilegalmente otorgó un contrato de subarrendamiento de la finca que había sido arrendada por él a virtud del contrato privado otorgado el 18 de julio de 1937, el cual, al vencerse el primer año lo rescindió y lo dejó sin valor ni efecto legal alguno, habiendo hecho dicho subarrendamiento a favor de su hermano, el otro codemandado

Horacio Martínez, quien desde el primero de diciembre de 1938 está ocupando la finca en precario, sin pagar canon ni merced alguna.

7.—Que el demandante ha requerido a los demandados para que desalojen la finca de referencia y la dejen a la libre disposición de su dueña, doña Juana Ruiz Sosa, hermana del aquí demandante, y que los demandados, especialmente el codemandado Horacio Martínez, han rehusado y continúan rehusando acceder a tal requerimiento.

Por todo lo cual, el demandante solicita de la Hon. Corte que se sirva señalar día y hora para la primera comparecencia a que se refiere la ley de desahucio y que en definitiva declare con lugar la presente demanda, decretando el desahucio de los demandados, especialmente del codemandado Horacio Martínez, y de las personas que estén allí bajo sus órdenes, dejando la finca objeto de esta acción a la libre disposición del actor, imponiendo a los demandados las costas, gastos y honorarios de abogado de la parte actora, si se opusieren a la presente demanda, disponiendo además en una sentencia que se decrete el lanzamiento de los demandados pasados veinte días desde que la sentencia es firme, en el caso de que dichos demandados no hubieren desalojado la finca objeto de esta acción. Aguadilla, P. R., a _____ de enero de 1939. (firmado) José Veray, Jr., Abogado del demandante.

A esta demanda los demandados presentaron tres excepciones previas, a saber:

(a) Que la demanda en este caso no aduce hechos suficientes constitutivos de una causa de acción.

(b) Que la corte carece de jurisdicción.

(c) Que el demandante no tiene capacidad para demandar, porque si bien la ley de desahucio concede a un demandante el derecho a cudir en corte por apoderado, ese derecho se limita a las cortes municipales, y porque en las cortes de distrito la comparecencia deberá hacerse por la parte realmente interesada.

La corte de distrito declaró sin lugar las tres excepciones. Los errores señalados son los siguientes:

1. El haberse declarado sin lugar la excepción previa fundada en que la corte carecía de jurisdicción.

2. El haberse declarado sin lugar la excepción de que la demanda no aduce una causa de acción.

La contención de que la corte inferior carecía de jurisdicción se basa en el hecho de que los demandados entraron en posesión de la finca a virtud de un contrato; en su consecuencia su posesión no era en precario sino que provenía de un contrato; y que el pleito debió haberse entablado en la corte municipal toda vez que el canon anual era de $60.

Es imposible convenir con el criterio de los apelantes. Tenemos que aceptar todos los hechos de la demanda. Según ésta, los demandados entraron en posesión de la finca en diciembre, 1938, luego de haber expirado el contrato y el arrendamiento. El subarrendatario pudo haber tomado posesión a virtud de un contrato con el supuesto arrendatario, mas no podía tener mayores derechos que el arrendatario mismo, y su contrato es válido tan sólo en tanto en cuanto lo sea el del arrendatario. Si se extingue el contrato del arrendatario y se abandona el arrendamiento original, el subarrendatario se encuentra en la misma posición que si hubiera contratado con una persona que nunca estuvo en posesión de la finca. Bajo tales circunstancias poseía en precario y la única corte con jurisdicción lo era la de distrito de Aguadilla. El caso citado por los apelantes—*Cerra* v. *González,* 29 D.P.R. 289—no es aplicable. En ese caso el demandado tomó posesión a virtud de un contrato de arrendamiento y permaneció en la finca después de haber expirado el mismo. Tampoco son aplicables los casos de *Aragundo* v. *Ramos,* 33 D.P.R. 94, y *Valladares* v. *Corte Municipal,* 16 D.P.R. 145.

El segundo error señalado es aún más frívolo. Cuanto el alegato de los apelantes contiene como argumento es la siguiente oración: ''Careciendo como carecía de jurisdicción la Corte de Distrito de Aguadilla para conocer de este caso, y apareciendo tal falta de jurisdicción de la propia demanda de la parte actora, no hay duda de que por ello,

dicha demanda no aduce hechos suficientes constitutivos de una causa de acción.''

Por el contrario, de un ligero examen de la demanda se verá que todos los hechos necesarios aparecen de su faz. Las excepciones eran evidentemente frívolas y la corte inferior estuvo acertada al declararlas sin lugar. La apelación dirigida contra tales resoluciones es claramente frívola, y tenemos que convenir con el apelado en que el móvil de ésta fué demorar la ejecución de la sentencia.

*Debe desestimarse la apelación.*

El Juez Asociado Sr. Travieso no intervino.