## Roger, Peticionario, *v.* López Acosta, Juez de Distrito, Demandado.

Solicitud para que se expida un auto de *certiorari* al Juez de la Corte de Distrito de Guayama, en pleito sobre desahucio.

No. 290.—Resuelto en junio 3, 1920.

Desahucio—Arrendamiento—Cánon de Arrendamiento—Jurisdicción de la Corte Municipal.—Un arrendatario que continúa en posesión de la propiedad arrendada después de vencido el contrato no puede alegar que su posesión es precaria, y si el cánon anual es de mil dólares o menos, una corte municipal tiene jurisdicción para conocer del pleito. De otro modo las cortes municipales quedarían privadas de ejercitar su jurisdicción a voluntad de un arrendatario.

Los hechos están expresados en la opinión.

Abogados del peticionario: *Sres. C. Domínguez Rubio* y *F. Navarro.*

Abogados del demandado y del interventor: *Sres. M. M. Morales* y *B. Sánchez.*

El Juez Asociado Sr. Wolf, emitió la opinión del tribunal.

En la primera consideración que hicimos de la solicitud de *certiorari* presentada en este caso estábamos bajo la impresión de que con excepción de los particulares que se alegan en el párrafo cuarto de dicha petición, todas las demás alegaciones no eran cuestiones de procedimiento ni de jurisdicción y nuestro criterio sobre este punto no ha variado después de examinar los autos remitidos por la corte inferior.

La duda que sustentábamos era si este pleito de desahucio era o no de naturaleza precaria. Si lo era, entonces el demandante no tenía derecho a establecer su acción en una corte municipal. De la demanda radicada en la corte municipal, que es lo único que tenemos derecho a considerar, aparece que los demandantes reconocieron y ratificaron un contrato de arrendamiento hecho por otra persona a nombre de dichos demandantes, por término de seis meses y canon de $38 mensuales pero se negaron a prestar su consentimiento para que fuera prorrogado. Ahora bien, aunque podría pre-

sentarse la cuestión de si fué concedida o no una prórroga, o si hubo o no hubo tácita reconducción, en la demanda se alega el hecho de que los demandantes trataban de dar término a un arrendamiento, notificándose a los demandados que dejaran libre y expedita la finca. El demandado basaba su derecho en su carácter de arrendatario y en el pago de una renta estipulada, y como segunda causa de acción alegaba el demandante no haberse pagado la renta. Cuando un arrendatario continua en la finca arrendada después de vencido el término, tal posesión generalmente no es de naturaleza precaria. De otro modo toda tentativa para recobrar la posesión al vencimiento de un arrendamiento podría a elección del arrendatario convertirse en precaria y anular así la jurisdicción de la corte municipal.

El auto debe ser anulado.

*Anulado el auto expedido.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.