CERRA, DEMANDANTE Y APELADA, *v.* GONZÁLEZ, DEMANDADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección Segunda, en pleito sobre desahucio.

No. 2420.—Resuelto en marzo 31, 1921.

DESAHUCIO—JURISDICCIÓN—PRECARIO.—En el presente caso el demandado entró en la posesión de la finca a virtud de un contrato de arrendamiento que se renovaba mes por mes. Fué avisado por el dueño que cesaba el contrato y como no desocupara la finca, fué demandado en desahucio. *Se resolvió:* que tal caso no era propiamente de precario y que la jurisdicción de la corte para conocer del desahucio debía fijarse por la cuantía del arriendo calculada por un año, de acuerdo con la ley.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. P. González.*

Abogado de la apelada: *Sr. J. Texidor.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

Se trata de un caso de desahucio. La demandante alegó que es dueña de la casa No. 9 de la calle de Cerra, en Santurce, término municipal de San Juan y que—

"El demandado Pedro González García, ocupa la referida casa, sin que tenga, desde el día primero de diciembre de 1920, contrato alguno con la demandante que le permita ocupar tal casa, y sin que pague canon o merced alguna por arrendamiento; y que el demandado ha sido requerido en forma por parte de la demandante para que desocupe y desaloje la casa, y la deje a disposición de la demandante sin que haya accedido a tal requerimiento."

Basándose en esos hechos, solicitó una sentencia de desahucio.

El demandado contestó negando que la demandante fuera dueña y alegando que "desde el mes de enero de 1916 viene poseyendo la casa No. 9 * * * en virtud de contrato de arrendamiento celebrado con doña Blanca Cerra, y pagando por el uso de dicha finca un canon mensual de treinta dólares hasta el 30 de noviembre próximo pasado."

Y como "defensa especial" alegó: "que no conoce a la demandante ni ha tenido jamás con ella actos ni contratos de especie alguna."

Celebrada la vista, la corte declaró con lugar la demanda y el demandado interpuso entonces el presente recurso. de apelación.

Hemos examinado los autos y resulta plenamente probado que la casa de que se trata es de la propiedad de la demandante; que Blanca Cerra es apoderada de la demandante y como tal la arrendó al demandado; que éste pagó los cánones de arrendamiento,—treinta dólares mensuales,— hasta el último de noviembre de 1920; que con anterioridad a esa fecha fué avisado por la apoderada de la dueña que el contrato terminaría en el dicho día último de noviembre y que debía desocupar por tanto la casa, que el demandado no lo hizo y la demandante el 13 de diciembre siguiente interpuso la demanda origen de este pleito.

Como puede verse, el derecho de la demandante a recobrar la posesión de su casa es claro y claro también el deber del demandado a desocuparla. Sin embargo se ha levantado una cuestión de jurisdicción que nos obliga a revocar la sentencia dictada.

La alegada "defensa especial" no tiene importancia alguna. Blanca Cerra no tenía que decir al demandado quién era la dueña de la casa. Ella la administraba y ella la alquiló. Cuando se vió obligada a entablar la acción de de-

sahucio, entonces compareció la verdadera dueña. Se probó en el juicio el título de la demandante y el poder de Blanca Cerra. · Esta declaró además como testigo y explicó todo detalladamente.

La cuestión seria envuelta en el asunto es la de la jurisdicción de la corte. No fué suscitada expresamente en la corte de distrito, pero el demandado y apelante sostiene en su alegato y sostuvo con insistencia en el acto de la vista del recurso, que este caso ha sido tratado como uno de precario, motivo por el cual se tramitó en la corte de distrito y que no lo es.

Argumenta el apelante que vencimiento de contrato y precario son dos estados de derecho distintos y cita a Escriche que dice que precario "en su más estrecha acepción es un préstamo revocable a voluntad del que lo ha hecho; y se toma también por todo lo que se posee como en préstamo y a voluntad de su dueño, y así se llama *precaria* una posesión, para dar a entender que la tal posesión no es más que un efecto de la tolerancia del propietario, sin que pueda dar derecho alguno al poseedor."

Y contesta la apelada que "aquél que ocupa la casa sin que subsista el contrato por virtud del que la ocupó anteriormente, sin que ese contrato se haya prorrogado o se haya rescindido de una manera expresa o tácita, no hace otra cosa que detentar la posesión, y como no paga canon ni merced alguna por la ocupación, tal ocupación no tiene otro carácter que el de precario."

A nuestro juicio tiene razón el apelante. Claramente resulta que ocupa la casa sin derecho alguno y en contra de la voluntad del propietario, pero no precariamente. Y siendo esto así, la calificación de precario que, según la jurisprudencia determina la jurisdicción original de las cortes de distrito en estos casos, no puede aplicarse aquí.

La ley al fijar la jurisdicción no habla de precario. Sólo emplea esta palabra al prescribir que procede en general el·

desahucio contra cualquier persona "que detente la posesión material o disfrute precariamente sin pagar canon o merced alguna." Los preceptos relativos a la jurisdicción están contenidos en los dos primeros párrafos de la sección 3 de la ley especial sobre la materia, aprobada el 9 de marzo de 1905, que dicen:

"Tendrán jurisdicción para conocer de las demandas sobre desahucio, los jueces municipales del distrito en que radique la finca, cuando el canon de los arrendamientos o el precio o cantidad que, por virtud de cualquier contrato, deba pagarse, computado por una anualidad, no exceda de mil dollars.

"En todos los demás casos conocerán de dichas demandas las cortes de distrito en que la finca radique; y en uno u otro caso se seguirá el mismo procedimiento."

Como se ve la base adoptada por el legislador fué la cuantía del arriendo calculado por un año. En todos los casos en que el canon, precio o cantidad envuelto por tal motivo, computado por una anualidad, no exceda de mil dólares, la jurisdicción corresponde a las cortes municipales. En todos los demás, a la corte de distrito. Entre esos "todos los demás" se ha considerado siempre comprendido el "precario." ¿Por qué? Porque su naturaleza no permite llegar a contrato alguno que comprenda un precio fijado en dinero. La posesión precaria se origina generalmente por actos de liberalidad, o de mera tolerancia, o por abandono o desconocimiento del propietario. Cuando existe un contrato, la cuantía del mismo controla necesariamente la jurisdicción.

Y no se diga que el demandado detentaba la posesión material de la finca o la disfrutaba precariamente sin pagar canon o merced alguna, en cuyo concepto y no en el de arrendatario es que se ha ejercitado la acción de desahucio. Tal teoría es errónea y no puede sostener la jurisdicción de la Corte de Distrito de San Juan. El demandado lo ha sido como arrendatario y precisamente porque lo era, pagando

treinta dólares mensuales se le dió aviso previo de que el contrato había de expirar el día último de noviembre de 1920. No quitaba al demandado su carácter de arrendatario el vencimiento del contrato por dicho aviso, como no quita el carácter de arrendatario a un demandado el vencimiento del término estipulado en el contrato. Los efectos legales de la extinción del contrato de arrendamiento por vencimiento del término fijado en el contrato o por aviso cuando no se fijó plazo son idénticos y en uno y otro caso debe establecerse la demanda de desahucio ante la corte municipal correspondiente cuando el canon del arrendamiento computado por una anualidad no excede de mil dólares como ocurre en el presente caso. Los conceptos de arrendatario y de poseedor en precario son enteramente distintos y claramente se expresan en la sección 2a. de la ley sobre desahucio. La posesión del demandado se ha originado de un contrato de arrendamiento, y aunque sea ilegal no puede calificarse de precaria. Véase la sentencia del Tribunal Supremo de España de 9 de septiembre de 1901, 92 Jurisprudencia Civil 130.

La cuestión, además, no es nueva. El propio apelante invoca la jurisprudencia establecida por esta corte en el caso de *Roger* v. *López Acosta,* 28 D. P. R. 563, que es como sigue:

"La duda que sustentábamos era si este pleito de desahucio era o no de naturaleza precaria. Si lo era, entonces el demandante no tenía derecho a establecer su acción en una corte municipal. De la demanda radicada en la corte municipal, que es lo único que tenemos derecho a considerar, aparece que los demandantes reconocieron y ratificaron un contrato de arrendamiento hecho por otra persona a nombre de dichos demandantes, por término de seis meses y canon de $38 mensuales pero se negaron a prestar su consentimiento para que fuera prorrogado. Ahora bien, aunque podría presentarse la cuestión de si fué concedida o no una prórroga, o si hubo o no hubo tácita reconducción, en la demanda se alega el hecho de que los demandantes trataban de dar término a un arrendamiento, notificándose a los demandados que dejaron libre y expedita la finca. El demandado basaba su derecho en su carácter de arrendatario y en

el pago de una renta estipulada, y como segunda causa de acción alegaba el demandante no haberse pagado la renta. Cuando un arrendatario continúa en la finca arrendada después de vencido el término, tal posesión generalmente no es de naturaleza precaria. De otro modo toda tentativa para recobrar la posesión al vencimiento de un arrendamiento podría a elección del arrendatario convertirse en precaria y anular así la jurisdicción de la corte municipal.''

Por virtud de lo expuesto nos vemos obligados a revocar la sentencia recurrida dictada. por una corte que no tenía jurisdicción original para dictarla.

*Revocada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, Aldrey y Hutchison.