ANGLERÓ, DEMANDANTE Y APELADO, v. FERNÁNDEZ, DEMANDADA
Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de San Juan,
Primer Distrito, en pleito sobre desahucio.

No. 2820.—Resuelto en diciembre 11, 1922.

DESAHUCIO—TÍTULO DEL DEMANDANTE—PLEITO PENDIENTE.—El demandante com-
pró cierta finca al Banco de San Juan. La demandada había arrendado la
misma finca al propio banco. El demandante, que no venía obligado a res-
petar el contrato celebrado entre el banco y la demandada, entabló este
pleito de desahucio. La demandada alegó que existía un pleito pendiente
iniciado por otra persona contra el banco en el que se discutía el derecho
de éste a la propiedad en cuestión. Se decidió: que la existencia de dicho
otro pleito nada tenía que ver con la tramitación del desahucio.

ID.—VENTA DE FINCA ARRENDADA.—Cuando el comprador de una finca arrendada
cuyo arrendamiento no consta inscrito en el registro no promete respetar el
contrato aun cuando conozca su existencia, no queda obligado por sus térmi-
nos y si el arrendatario no se aviene a entregarle la finca puede ejercitar
contra él la acción de desahucio en la corte de distrito correspondiente, ya
que no existiendo contrato, la posesión del arrendatario es equivalente al
disfrute de la finca en precario y no surge cuestión del montante de las ren-
tas anuales según se decidió en Sosa v. Río Grande Agrícola Co., Ltd., 17
D. P. R. 1149.

Los hechos están expresados en la opinión.

Abogado de la apelante: Sr. M. Gaetán Barbosa.

Abogado del apelado: Sr. R. Sancho Bonet.

EL JUEZ PRESIDENTE SR. DEL TORO, emitió la opinión del
tribunal.

Francisco Angleró archivó una demanda de desahucio en
la Corte de Distrito del Primer Distrito de San Juan contra
Antonia Fernández. Alegó que era dueño de un solar, que
describe debidamente, situado en Melilla, Santurce; que había
requerido a la demandada, ocupante del solar, para que lo de-
jara a su disposición y que la demandada se había negado a
ello y continuaba ocupándolo sin pagar canon ni merced.

La demandada presentó una excepción previa sobre de-
fecto o indebida acumulación de partes y contestó negando los
hechos de la demanda refiriéndose a cierto pleito pendiente en
que estaba envuelto el derecho de propiedad del solar en cues-

tión y alegando que había arrendado al Banco de San Juan el solar y venía depositando el precio del arrendamiento en el juzgado.

Practicada la prueba, la corte de distrito dictó sentencia en contra de la demandada y ésta interpuso entonces el presente recurso de apelación

Resulta claro que la demandante arrendó al Banco de San Juan. De este banco recibió también su título de propiedad el demandante. La propia demandada declarando en el juicio, dijo ''el Sr. Angleró fué a mi casa y yo le propuse que ya que el banco le había vendido el solar donde habitaba mi casa, sabiendo que la propiedad estaba ante el tribunal, le propuse que él comprara la casa pues la casa me había costado $800 y yo se la daba en $600, y el Sr. Angleró salió de mi casa como a las ocho de la noche para ir donde el administrador que tiene el banco para que me viniesen a comprar la casa y lo que me contestó el Sr. Angleró es traerme a esta corte.'' Y Angleró, de igual modo declarando en el juicio, se expresó así: ''Después de comprar la finca visité a la Sra. doña Antonia Fernández y le pregunté si el banco le había informado que la finca había pasado a mi propiedad, y le dije que había comprado aquella finca y deseaba utilizarla inmediatamente. * * * No le dí plazo por la razón de que ella me dijo que se creía con derecho a aquella finca por medio de un arrendamiento, y entonces desde luego lo que hice fué volver al banco a decirle que la señora que ocupaba la finca se negaba a desocuparla y el banco me dijo que recurriera a los tribunales en un procedimiento legal.''

La circunstancia de que exista un pleito pendiente en que otra persona distinta de la demandada reclame la propiedad de que se trata incluída en otra de mayor extensión, nada tiene que ver en este pleito. La demandada contrató con el banco. El banco vendió. El adquirente no está obligado por ni quiso reconocer el contrato y habiendo demandado su derecho ante el tribunal por duro que ello sea está el tribunal

obligado a reconocerlo y a hacerlo valer en la forma que la ley dispone.

En el alegato se levanta una cuestión jurisdiccional. Se alega que no siendo la cuantía del arriendo superior a mil dólares anuales y no tratándose de un caso de precario, la corte de distrito no pudo conocer válidamente del pleito, correspondiendo la jurisdicción a la corte municipal. Esta misma cuestión fué suscitada y resuelta de modo adverso a la contención de la apelante en el caso de *Cuesta* v. *Ortiz*, 29 D. P. R. 494, en el que se estableció la siguiente doctrina:

"Cuando el comprador de una finca arrendada cuyo arrendamiento no consta inscrito en el registro no promete respetar el contrato aun cuando conozca su existencia, no queda obligado por sus términos y si el arrendatario no se aviene a entregarle la finca puede ejercitar contra él la acción de desahucio en la corte de distrito correspondiente, ya que no existiendo contrato, la posesión del arrendatario es equivalente al disfrute de la finca en precario y no surge cuestión del montante de las rentas anuales según se decidió en *Sosa* v. *Río Grande Agrícola Co. Ltd.*, 17 D. P. R. 1149."

Debe declararse sin lugar el recurso y confirmarse la sentencia apelada.

*Sin lugar el recurso y confirmada la sentencia.*

Jueces concurrentes: Sres. Asociados Aldrey, Hutchison y Franco Soto.

El Juez Asociado Sr. Wolf no intervino en la resolución