Lao Flores Salazar, demandante y apelante, *v.* Juana
Damiana Delgado, demandada y apelada.

No. 3703.—*Visto:* Noviembre 3, 1925. *Resuelto:* Diciembre 11, 1925.

1. Desahucio—Desahucio en Precario—Evidencia—Presunción Disputable—
Evidencia Superior Adversa a la Presentación de Otra Inferior.—Cuando
en acción de desahucio en precario ejercitada por el comprador de una finca
arrendada cuyo arrendamiento no consta inscrito, el demandado alega que el
demandante asumió la continuación del arrendamiento, cobrando un canon
al demandado, y no se produce en evidencia el recibo como la mejor prueba
en cuanto a la continuación, ni se explica satisfactoriamente las circunstancias
para no haberse producido, es preciso sostener la presunción que establece el
inciso 6 del artículo 102 de la Ley de Evidencia.
2. Desahucio—Desahucio en Precario—Procedencia del Mismo—Posesión en
Precario—Comprador de Finca Arrendada que no Asume la Continuación
del Arriendo.—Si ejercitada acción de desahucio en precario por el compra-
dor de una finca arrendada, cuyo arrendamiento no consta inscrito, no hay
prueba de que aquél asumió la continuación del arrendamiento, según alegó
el demandado, la posesión del arrendatario es equivalente al disfrute de la
finca en precario y no surge cuestión alguna del montante de las ventas
anuales, por lo que procede declarar con lugar dicha acción.

SENTENCIA de *M. Rodríguez Serra,* J. (Segundo Distrito, San Juan), declarando sin lugar demanda de desahucio, sin costas. *Revocada.*

*Campillo & Campillo,* abogados del apelante; *I. Carballeira,* abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR FRANCO SOTO, emitió la opinión del tribunal.

[1, 2] Este fué un caso de desahucio tramitado originalmente en ·la Corte de Distrito de San Juan, Segundo Distrito. El fundamentó de dicha corte inferior para declarar sin lugar el desahucio se expone en la misma sentencia diciendo: "No existe, pues, ocupación en precario sino a virtud de un contrato, y computando el canon mensual de $1.25 por anualidades resulta una cantidad inferior a la que la Ley establece para regular la jurisdicción de esta corte en materia de juicios de desahucio."

La demandada hace una relación de los hechos y declara que ella había arrendado el solar objeto de la demanda a Bernabé Sabalier; que pagaba a razón de $1.25 mensual; que luego la propiedad pasó al Banco de San Juan a quien pagaba el arrendamiento por conducto del demandante; que suspendió los pagos hasta que el pleito de Sabalier con el banco terminase y que aun después de adquirida la propiedad por el demandante éste llegó a cobrar por su propio derecho un canon de arrendamiento.

El solar había pasado del Banco de San Juan a Damiana Andino y ésta lo vendió al demandante. Las escrituras de venta constan de la evidencia practicada. No aparece que traspasada la propiedad a Damiana Andino, ésta percibiera los arrendamientos. Lo esencial para la demandada fué intentar demostrar que una vez que dicha propiedad pasó al demandante por título de compra, él asumió la continuación ·del arrendamiento, cobrando un canon de arrendamiento a la demandada. El único pasaje de la· declaración

de la demandada en que se trata de establecer tal extremo es el siguiente:

"P. ¿En qué fecha fué la última vez que Ud. le pagó al señor Lao Flores, como cobrador?—R. No me acuerdo, porque soy lo más bruta en eso. P. ¿No recuerda?—R. No, señor. P. Cuando le cobró ¿le entregó algunos recibos?—R. Sí, señor, hay algunos recibos; casi siempre los tengo. P. ¿Tiene el último recibo?—R. No sé si lo tendré, porque soy lo más olvidadiza."

La inseguridad de tal declaración es manifiesta. No explica satisfactoriamente las circunstancias que concurrieran para no haberse producido en evidencia los recibos como la mejor prueba en cuanto a la continuación del arrendamiento con el demandante. Bajo estas condiciones tenemos que sostener la presunción que establece el inciso 6 del artículo 102 de la Ley de Evidencia de que toda prueba superior habrá de ser adversa a la presentación de otra inferior. Véase además el caso de *Angleró* v. *Fernández,* 31 D.P.R. 262.

*La sentencia apelada debe revocarse y dictarse otra declarando con lugar el desahucio.*

El Juez Asociado Sr. Wolf no intervino en la resolución de este caso.