810

Enrique Padua, peticionario y apelante, *v.* La Corte Municipal de Utuado, demandada y apelada, y B. Márquez & Co., S. en C., Interventora.

Núm. 7901.—*Sometido:* Diciembre 13, 1939. *Resuelto:* Enero 8, 1940.

*Buenaventura Esteves* y *Edelmiro Méndez Serrano,* abogados del apelante; *Antonio Lens Cuena,* abogado de la interventora, demandante en el caso principal.

El Juez Asociado Señor Travieso emitió la opinión del tribunal.

La sociedad B. Márquez & Co., S. en C., radicó demanda de desahucio ante la Corte Municipal de Utuado contra el peticionario apelante, alegando que éste ocupaba una casa ubicada en una finca de la demandante en concepto de mayordomo de la finca; y que después de haber cesado en su cargo de mayordomo, fué requerido por la demandante para que hiciera entrega de la casa que ocupaba por razón de su empleo, a lo que se negó el peticionario.

El peticionario alegó en su contestación que la corte municipal carecía de jurisdicción para conocer del caso por tratarse de una acción de desahucio en precario. La corte municipal desestimó la excepción y decretó el desahucio. El día 3 de octubre de 1938 el peticionario apelante radicó ante la Corte de Distrito de Arecibo una petición de *certiorari* en la que solicita la anulación de la sentencia. Intervino la sociedad B. Márquez & Co., S. en C., y se opuso a la petición,

alegando que la corte municipal tenía jurisdicción para dictar la sentencia recurrida.

La sentencia de la corte de distrito, por la cual se declaró sin lugar el recurso, se basó en los siguientes fundamentos:

"Aceptando los autos como única prueba, se concluye que el desahucio fué entablado basándose el demandante en el artículo 1477 del Código Civil, o sea para desposeer al demandado del edificio que había ocupado a virtud de un arrendamiento de servicios en que parte de la retribución por su trabajo se compensaba con la casa que habitaba, propiedad del actor.

"La ocupación de la casa no fué, pues, una mera tolerancia o liberalidad sin nexo jurídico alguno, sino a virtud de un contrato entre ambas partes, cuya cuantía por los servicios se fijó en $30.00 mensuales, además del derecho de vivir la casa.

"Disponiendo la ley de desahucio en su sección tercera que los jueces municipales tendrán jurisdicción en demandas de desahucio cuando el precio o cantidad que por virtud de cualquier contrato deba pagarse, computado por una anualidad, no exceda de mil dólares, incluye un contrato de arrendamiento de servicios si en el precio aparece comprendido la ocupación de una casa al que los presta, y no excede del referido límite.

"Se alegó en la vista que no podía asegurarse la cuantía exacta del contrato porque no se fijó el valor que se daba a la ocupación de la casa. Aunque parece imposible que el valor de la casa hiciera exceder de mil dólares anuales el contrato, teniendo en cuenta que el sueldo se fijó en treinta dólares, la cuestión debemos resolverla en contra del promovente, de acuerdo con la jurisprudencia sentada por el Tribunal Supremo de España en sentencias de 8 de julio de 1898 (J. C.), y septiembre de 1904 (J. C.) en que se consideró precisamente el alcance de contratos iguales al que se discute, a los que se llama contratos mixtos, porque incluyen los servicios y la habitación. Véase también el caso de *Cerra* v. *González*, 29 D.P.R. 289, 291."

En el caso de *Cerra* v. *González*, 29 D.P.R. 289, que sirve de base a la sentencia de la corte inferior, se dijo, citando a Escriche, que *precario* "en su más estrecha acepción es un préstamo revocable a voluntad del que lo ha hecho; y se toma también por todo lo que se posee como en préstamo y a voluntad de su dueño, y así se llama *precaria* una posesión, para dar a entender que la tal posesión no es más que un

efecto de la tolerancia del propietario, sin que pueda dar derecho alguno al poseedor.'' Y se resolvió que cuando un arrendatario continúa ocupando la casa después de expirado el plazo de arrendamiento ''claramente resulta que ocupa la casa sin derecho alguno y en contra de la voluntad del propietario, pero no precariamente.'' Y, además, que ''siendo esto así, la calificación de precario que, según la jurisprudencia determina la jurisdicción original de las cortes de distrito en estos casos, no puede aplicarse aquí.'' Y continúa diciendo la corte:

'' . . . Los preceptos relativos a la jurisdicción están contenidos en los dos primeros párrafos de la sección 3 de la ley especial sobre la materia, aprobada el 9 de marzo de 1905, que dicen:

'' 'Tendrán jurisdicción para conocer de las demandas sobre desahucio, los jueces municipales del distrito en que radique la finca, cuando el canon de los arrendamientos o el precio o cantidad que, por virtud de cualquier contrato, deba pagarse, computado por una anualidad, no exceda de mil dólares.

'' 'En todos los demás casos conocerán de dichas demandas las cortes del distrito en que la finca radique; y en uno u otro caso se seguirá el mismo procedimiento.'

''Como se ve la base adoptada por el legislador fué la cuantía del arriendo calculado por un año. En todos los casos en que el canon, precio o cantidad envuelto por tal motivo, computado por una anualidad, no exceda de mil dólares, la jurisdicción corresponde a las cortes municipales. En todos los demás, a la corte de distrito. Entre esos 'todos los demás' se ha considerado siempre comprendido el 'precario.' ¿Por qué? Porque su naturaleza no permite llegar a contrato alguno que comprenda un precio fijado en dinero. La posesión precaria se origina generalmente por actos de liberalidad, o de mera tolerancia, o por abandono o desconocimiento del propietario. *Cuando existe un contrato, la cuantía del mismo controla necesariamente la jurisdicción.*

''Y no se diga que el demandado detentaba la posesión material de la finca o la disfrutaba precariamente sin pagar canon o merced alguna, en cuyo concepto y no en el de arrendatario es que se ha ejercitado la acción de desahucio. Tal teoría es errónea y no puede sostener la jurisdicción de la Corte de Distrito de San Juan. *El demandado lo ha sido como arrendatario y precisamente porque lo*

*era, pagando treinta dólares mensuales se le dió aviso previo de que el contrato había de expirar el día último de noviembre de 1920.* No quitaba al demandado su carácter de arrendatario *el vencimiento del contrato* por dicho aviso, como no quita el carácter de arrendatario a un demandado el vencimiento del término estipulado en el contrato. Los efectos legales de la extinción del contrato de arrendamiento por vencimiento del término fijado en el contrato *o por aviso cuando no se fijó plazo son idénticos* y en uno y otro caso debe establecerse la demanda de desahucio ante la corte municipal correspondiente cuando el canon del arrendamiento computado por una anualidad no excede de mil dólares como ocurre en el presente caso. Los conceptos de arrendatario y de poseedor en precario son enteramente distintos y claramente se expresan en la sección 2ª. de la ley sobre desahucio. La posesión del demandado se ha originado de un contrato de arrendamiento, y aunque sea ilegal no puede calificarse de precaria.'' (Bastardillas nuestras.)

El razonamiento anterior es a nuestro juicio claramente aplicable al caso de autos. Y no excediendo de la cuantía jurisdiccional de mil dólares anuales el precio o cantidad envuelto en el contrato entre las partes litigantes, debemos resolver que la Corte de Distrito de Arecibo no erró al decidir que la Corte Municipal de Utuado tenía jurisdicción para decretar el desahucio. Véanse: Sentencias del Tribunal Supremo de España de julio 8, 1898, y de 23 de diciembre de 1904.

*Por las razones expuestas debe confirmarse la sentencia recurrida.*