Américo Miranda, demandante y apelado, *v.* José María Jarabo, demandado y apelante.

Núm. 9098.—*Sometido:* Abril 2, 1945. *Resuelto:* Mayo 2, 1945.

*Carlos D. Vázquez*, abogado del apelante; *Dubón & Ochoteco y Otero Suro & Otero Suro*, abogados del apelado.

EL JUEZ ASOCIADO SEÑOR SNYDER emitió la opinión del tribunal.

En 1943 el demandante adquirió la casa objeto de este pleito. El 19 de mayo de 1944 solicitó del demandado—quien cuando el demandante la compró, ocupaba la casa bajo un contrato de arrendamiento entre el demandado y el anterior dueño—que se mudara.[1] No habiéndose mudado el demandado, entonces el demandante radicó en la corte de distrito la presente acción de desahucio. El demandado ha apelado contra la sentencia ordenándole desocupe la casa.

Alega el demandado primeramente que la jurisdicción original en este caso pertenecía a la corte municipal y no a la de distrito. Su teoría consiste en que ésta no es una acción de desahucio en precario, sino una basada en un contrato con consideración menor de $1,000 al año. Su argumento es más o menos el siguiente: el demandado ocupaba

---

[1] Este caso es una secuela de *Miranda v. Corte de Distrito*, 63 D.P.R. 161. Allí no prosperó el desahucio porque en aquel entonces el demandante estaba viviendo una casa que había sido suya dentro del año anterior al comienzo de la acción (Ley núm. 14, Leyes de Puerto Rico, 1941, Sesión Extraordinaria, pág. 5). Cuando esta situación desapareció el demandante le envió la notificación de que aquí se trata. Esta segunda notificación era necesaria debido al inciso 6 (D) (1) del Reglamento de la O.A.P. de que debe enviarse una notificación para que se desocupe la casa con diez días de antelación al tiempo fijado para desocupar o al inicio de cualquier acción de desahucio. Estos hechos prueban claramente que el demandante en ningún momento continuó el contrato de arrendamiento anterior. Tampoco el demandado alega esta contención.

la casa a virtud de un contrato de arrendamiento y por tanto no era un mero detentador; además, cuando se obtuvo originalmente la posesión bajo el contrato, la ocupación de la casa al expirar el contrato o después de su terminación, no es posesión en precario. En apoyo de su posición cita el artículo 1461 del Código Civil, *Roger* v. *López Acosta, Juez de Distrito*, 28 D.P.R. 563, y *Cerra* v. *González*, 29 D.P.R. 289.

Las autoridades citadas por el demandado no son de aplicación a los hechos de este caso. Por el contrario, esta corte ha resuelto que cuando el comprador entabla una acción para desahuciar al inquilino que tenía un contrato con el dueño anterior la jurisdicción pertenece a la corte de distrito. (*Sosa* v. *Río Grande Agrícola Co., Ltd.*, 17 D.P.R. 1149; *Rourke* v. *Pacheco*, 18 D.P.R. 981; *Angleró* v. *Fernández*, 31 D.P.R. 262, 264; *Arrache et al.* v. *Carlsson*, 33 D.P.R. 250; *Flores* v. *Delgado*, 34 D.P.R. 778). En *Cuesta* v. *Ortiz*, 29 D.P.R. 494, expresamente distinguimos los hechos del caso de Serra de los hechos aquí envueltos; y por las mismas razones no es de aplicación a este caso el de *Padua* v. *Corte Municipal*, 55 D.P.R. 810.

El demandado también trata de reforzar su teoría de que la corte de distrito carecía de jurisdicción, arguyendo que la Ley núm. 14, Leyes de Puerto Rico, 1941, Sesión Extraordinaria (pág. 45), y los reglamentos de la O.A.P., tienen el efecto legal de prorrogar su contrato de arrendamiento, y que por tanto no detenta en precario. No creemos que esta contención tenga méritos. Se admite que el demandante nunca estuvo obligado por el contrato de arrendamiento y nunca continuó el mismo. La ley insular y los reglamentos Federales no tienen por miras crear las relaciones contractuales privadas. Debido a las condiciones de emergencia creadas por la guerra, los Gobiernos Federal e insular han asumido la tarea de proteger por fiat legislativo la posesión de las viviendas y exigir ciertas condiciones

a ser cumplidas, antes de que se pueda terminar tal posesión. Pero nada encontramos en estas leyes que opere para crear relaciones contractuales privadas entre partes que nunca las han convenido. Tampoco encontramos expresión alguna en la ley insular o los reglamentos Federales de la intención de transferir la jurisdicción en casos como el presente de la corte de distrito a las cortes municipales. No hay mérito en la contención de que la corte de distrito carecía de jurisdicción en este caso.

La siguiente contención del demandado es que aun si la corte de distrito tuviera jurisdicción como proposición general, no fué invocada adecuadamente aquí porque la notificación para que se mudara no cumplió con los requisitos de los reglamentos de la O.A.P. El inciso 6(D)(1) de los reglamentos requiere que la notificación hecha por lo menos con diez días de antelación al tiempo fijado para desocupar deberá especificar en cuál de las razones expuestas en el inciso *A* basa el dueño su derecho a la posesión. Sin esta notificación no puede tener lugar el desahucio (véase Anotación, 150 A.L.R. 1462, 1467). Pero tal notificación se hizo debidamente al demandado y a la O.A.P. según lo exigen los reglamentos de ésta. Tenía fecha de 19 de mayo de 1944 .y decía que el demandante había comprado la casa ''con el solo y único propósito de vivirla en unión de su familia''; que el demandado se ha negado y continúa negándose a desocuparla; y que ''Como él reside en la actualidad en una casa que no es, ni ha sido nunca de su propiedad, por la presente le requerimos para que proceda a desalojar y entregarle su dicha casa en o antes del próximo día 31 de mayo de 1944'' o de lo contrario se entablarían procedimientos judiciales para obtener la posesión de la misma.

Quizás habría sido mejor si la notificación hubiera dicho que se solicitaba la posesión de la casa ''de buena fe'' y para ''ocupación inmediata'', toda vez que éstos son los requisitos de la Ley núm. 14 de 1941. Sin embargo, creemos

que puede deducirse la necesidad de ocupación inmediata de los términos de la notificación en conjunto. Y en cuanto a buena fe, ése es uno de los requisitos que tiene la corte de distrito que hallar probados bajo la Ley núm. 14; la notificación como tal, es exigida solamente por el reglamento de la O.A.P. Pero no podemos interpretar el reglamento de manera supertécnica para que las disposiciones de la Ley núm. 14 y las del reglamento tengan que repetirse palabra por palabra en la notificación. El propósito del requisito de que la notificación exprese los motivos para el lanzamiento es darle al inquilino suficiente información para impugnar la validez del requerimiento para que se mude de la casa, y en el caso adecuado concederle la oportunidad de poner coto a las infracciones de las obligaciones del arrendamiento sobre las que el arrendatario basa su derecho al desahucio. (Véase Anotación, 145 A.L.R. 1484, 1486). Aquí la notificación manifestaba que el demandante necesitaba la casa para usarla como su residencia particular y que la casa que ocupaba nunca había sido ni era propiedad suya. Esto era suficiente para cumplir con el reglamento y para advertirle al demandado de sus derechos, si alguno tuviere, bajo la Ley núm. 14 de 1941. No vemos fin práctico alguno en exigir como requisito indispensable de que el dueño de la casa exponga en la notificación su propia buena fe. El inquilino puede, de así elegirlo, impugnar en las cortes la buena fe del dueño. En verdad así lo ha hecho en este caso. Pero resolver ahora que el demandante, quien compró esta casa hace dos años para su residencia privada,([2]) no ha notificado debidamente al demandado bajo todas las circunstancias aquí concurrentes de dicha intención según lo exigen la ley y el reglamento, estaría en extremo fuera de la realidad. Resolvemos que la notificación fué suficiente.([3])

([2])Véase *Miranda* v. *Corte de Distrito*, 63 D.P.R. 161.

([3])No hemós pasado por alto dos casos de la Corte Superior de California, *Lester* v. *Isaac*, 146 P. (2d) 524, y *Wrenn* v. *Sutton*, 150 P. (2d) 589, pero no podemos seguirlos en lo que parece ser una regla demasiado técnica.

■ El último error se refiere a la apreciación de la prueba. El récord contiene suficiente evidencia para sostener las conclusiones de hecho. Por tanto no estamos en libertad de alterarlas.

*La sentencia de la corte de distrito será confirmada.*

El Juez Asociado Sr. De Jesús no intervino.