The Fajardo Sugar Growers Association, demandante y apelante, *v.* Vicente Rosa, demandado y apelado.

Núm. 9100.—*Sometido:* Junio 1, 1945. *Resuelto:* Julio 20, 1945.

*Adolfo García Veve,* abogado de la apelante; *Cruz Ortiz Stella,* abogado del apelado.

El Juez Asociado Señor Todd, Jr., emitió la opinión del tribunal.

Es ésta una acción de desahucio en precario incoado por The Fajardo Sugar Growers Association contra Vicente Rosa, quien había sido trabajador de dicha entidad. La Corte de Distrito de Humacao declaró con lugar una moción de sobreseimiento (*nonsuit*) del demandado fundada en que la prueba de la demandante demostró que existía una incongruencia en cuanto a la causa de acción ejercitada, ya que de la misma se desprendía que el demandado no ocupaba la casa objeto del litigio en precario sino a virtud de un contrato verbal de servicios y arrendamiento. La corte inferior resolvió que no procedía el desahucio en precario por tratarse de un caso de la exclusiva jurisdicción de la corte municipal. La demandante apeló y sostiene en este recurso que la corte erró al resolver que la posesión de la casa por el demandado surgía de una relación contractual y no de su mera liberalidad o tolerancia, y alega que la prueba presentada por ella demostró que la casa fué entregada al demandado por pura conveniencia y no a virtud de un contrato.

■ Veamos, en síntesis, la prueba presentada por la demandante.

Richard C. McConnie declaró ser jefe de campo de la demandante desde hacía veintiséis años; que la demandante tiene un caserío en la finca Paulina de su propiedad; que las casas las ocupan trabajadores de la demandante y que sólo podían ocuparlas siempre y cuando trabajaran para la demandante; que era condición de su trabajo que "de un lado ellos debían prestar servicios de trabajadores" de la demandante y "que a cambio de su trabajo ellos recibirían un jornal y el derecho a ocupar las casas"; que los obreros no pagan a la demandante canon de arrendamiento alguno por las casas; que a los trabajadores que viven casas se les paga un jornal igual o mejor que los que viven fuera; que los trabajadores que viven las casas son escogidos por ser

los mejores del barrio y se les da casa para tenerlos cerca del trabajo.

Rogelio Díaz, mayordomo de la finca Paulina, declaró que conoce al demandado que trabajaba con la demandante y vive una de las casas de la demandante; que él le dió la casa al demandado para vivirla; que el demandado no paga nada por la casa que es una de las que se dan a los trabajadores "para que trabajen en la finca con más comodidad para ellos y para nosotros también"; que les dan las casas mientras trabajan para la firma; que el demandado ya no trabaja en la finca hace ocho meses; que le ha requerido para que desocupe la casa y se ha negado; que esas casas se las dan a los trabajadores "para más beneficio de nosotros, de la finca y de ellos"; que él le dió la casa al demandado para que trabajara con la compañía.

La prueba documental demostró que la finca Paulina y las casas pertenecen a la demandante.

Somos de opinión que la corte inferior no erró al resolver que la prueba de la demandante demostró que no existía una causa de acción de desahucio en precario contra el demandado.

Es innegable que la casa fué dada al demandado por razón de la relación contractual que existía entre él y la asociación demandante. Así se desprende claramente de la prueba. Al declarar el Sr. McConnie que los obreros podían ocupar las casas siempre y cuando fueran trabajadores de The Fajardo Sugar Growers Association y que cuando dejaran de serlo, cesaba el derecho a vivir las casas, y que las casas se les daban a los mejores trabajadores, y al declarar el Sr. Díaz que la Asociación daba las casas a los trabajadores mientras trabajaban en la finca y que lo hacían para mayor beneficio de ambas partes, es obvio que no fué la mera liberalidad o tolerancia de la demandante la que originó la posesión del demandado, sino el hecho de ser mutuamente be-

neficiosa para las partes el que el demandado tuviera derecho a dicha posesión.

■ El artículo 1477 del Código Civil dispone que:

"La despedida de los empleados de labranza, menestrales, artesanos y demás trabajadores asalariados a que se refieren los artículos anteriores, da derecho para desposeerlos de toda herramienta y edificios que ocuparen por razón del contrato."

De acuerdo con este artículo, según ha sido interpretado, el inmueble puede ser ocupado por el empleado bien por razón de su cargo o bien como parte de su salario, dependiendo del contrato que tenga celebrado con su patrono.

Al comentar Scaevola su equivalente en el Código Civil Español, art. 1587, dice lo siguiente:

"Como denominador común de todos los numeradores precedentes que componen la sección, decreta el artículo 1587 que la despedida de los criados, sean domésticos o agrarios, menestrales, artesanos y demás trabajadores asalariados da derecho al arrendatario (amo, patrono o contratista) para desposeerles de la herramienta que usaren o de los edificios que ocuparen en razón de sus servicios. No es así precisamente como lo dice el texto legal; pero así es como debe entenderse, prescindiendo de críticas menudas de dicción.

"La doctrina del artículo es diáfana y requiere muy pocas aclaraciones.

"El hecho determinante de la desposesión es la despedida, en cuya acepción se comprenden los dos modos activo y pasivo de la resolución (justa o injusta) del contrato: *despedirse el trabajador;* ser despedido por el amo o patrono.

"También la despedida de los criados, menestrales y trabajadores a salario da derecho *para lanzarlos de los inmuebles que ocuparen por razón de su cargo* o como parte de su remuneración. Una jurisprudencia muy copiosa afirma que en el hecho de la despedida va contenido el término del arrendamiento de servicios y el consiguiente derecho al lanzamiento del criado o del obrero. El procedimiento para privarles de la posesión de las habitaciones que ocuparen *es el juicio de desahucio* . . . . (Bastardillas nuestras.) Código Civil, Tomo 24, 2da. Parte, págs. 63-64 (Ed. 1915).

Y Manresa, en sus Comentarios al Código Civil, Tomo X, págs. 669–670, Cuarta Edición (1931) hace referencia a la jurisprudencia española sobre el particular:

"Según la sentencia del Tribunal Supremo de 8 de Junio de 1898, es competente, para conocer del desahucio que se desprende del art. 1.587, *el Juez municipal respectivo, porque no teniéndose el edificio en precario, sino en virtud del arrendamiento de servicios y como parte de pago de los mismos,* cumple el término estipulado en el contrato con la despedida del criado o trabajador, y, por lo tanto, corresponde conocer al Juez municipal, según el núm. 1º del art. 1.562 de la ley de Enjuiciamiento civil, sin necesidad de acto de conciliación ni de concesión de previo plazo." (Bastardillas nuestras.)

Véanse además las sentencias de 9 de septiembre de 1901, de 22 de enero de 1907 (106 J. C. 52), de 2 de diciembre de 1902 (94 J. C. 604), 5 de febrero de 1903 (95 J. C. 214), 11 de julio (98 J. C. 830) y 12 de diciembre de 1904, 12 de enero (100 J. C. 56), 7 de mayo, 8 de julio (102 J. C. 87), 5 y 20 de agosto de 1905 (102 J. C. 229; 102 J. C. 235), 10 de marzo (103 J. C. 556) y 20 de noviembre de 1906 (105 J. C. 734) y 28 de octubre de 1907.

No erró, por consiguiente, la corte *a quo* al declarar con lugar la moción de sobreseimiento. En el caso de *Suárez* v. *Saavedra,* 52 D.P.R. 684, 690, se dijo:

"En las cortes insulares no existe el juicio por jurado en casos civiles. Un juez de distrito, al resolver una moción de *nonsuit,* no está impedido de hacer las inferencias que de la prueba sean razonables y propias. *Rosado* v. *Ponce Ry. & Light Co.,* supra. Sin embargo, al hacer tales inferencias debe tener presente que, según se indicó en el caso de *Rosado,* 'las mociones de sobreseimiento deben ser consideradas con cautela y concederse únicamente en aquellos casos que son completamente claros.' Desde luego, tampoco debe estar en un error en lo que respecta a la ley aplicable a los hechos que tiene ante sí. *Si en el presente caso fuera claro que no existiera ningún error de hecho o de derecho y que el resultado hubiese sido el mismo de haberse declarado sin lugar la moción de nonsuit, no habría motivo alguno para la revocación de la sentencia."* (Bastardillas nuestras.)

En el caso de autos de haberse declarado sin lugar la moción de nonsuit y presentado prueba por el demandado, el resultado hubiese sido el mismo ya que la controversia planteada por su contestación fué al efecto de que "ocupa dicha casa bajo contrato verbal de arrendamiento celebrado con la demandante a virtud del cual el demandado podía ocupar dicha casa mientras trabajaba para el demandante" o sea precisamente lo que demostró la prueba de la apelante.

*Debe confirmarse la sentencia apelada.*