Sucn. J. Serrallés, demandante y apelante, *v.* Armando Loyola, demandado y apelado.

Núm. 9440.—*Sometido:* Marzo 3, 1947. *Resuelto:* Abril 22, 1947.

*Leopoldo Tormes García,* abogado de la apelante; *Frank Torres,* abogado del apelado.

.EL JUEZ PRESIDENTE SEÑOR TRAVIESO emitió la opinión del tribunal.

La Sucesión J. Serrallés, dueña de la Hacienda Mercedita, radicó ante la Corte de Distrito de Ponce una demanda de desahucio contra uno de sus trabajadores, quien había sido empleado como "mayordomo de agua" en una de las colonias de cañas de la demandante. Se alegó en la demanda que el demandado percibía como sueldo anual por su trabajo más de $1,000, y que "con ocasión al contrato de arrendamiento de servicios de dicho demandado para con la demandante, la misma le cedió para que habitara con su familia, y como una facilidad para dicho demandado, y en adición a su salario sin pagar renta alguna por ello, *pero en el entendido que podría rentar no menos de $20 por mes,"* la casa que se describe en la demanda. El demandado dejó de trabajar para la demandante y se negó a desalojar la casa.

Contestó el demandado alegando que la corte de distrito carecía de jurisdicción, por ser el canon convenido entre las partes el de $20 mensuales, o sea $240 anuales, cantidad insuficiente para que dicha corte pueda conocer del caso originalmente. El párrafo 2 de la contestación dice:

"3. Acepta el demandado que el canon mensual de la casa objeto de este desahucio lo es de $20 mensuales, pero alega además que esos $20 mensuales de canon de arrendamiento convenido entre las partes constituían parte de su contrato de servicios que le prestó a la demandante en su condición de mayordomo, y que dicho canon de arrendamiento fué siempre considerado como parte de su sueldo."

La corte de distrito resolvió que no tenía jurisdicción por no exceder de la cuantía jurisdiccional de mil dólares anuales el precio o cantidad envuelta en el contrato entre las partes litigantes. La demanda fué desestimada y la demandante apeló.

La única cuestión que debemos considerar y resolver es si la corte inferior erró al desestimar la demanda por falta de jurisdicción.

■ La posesión del demandado en este caso no es precaria. Ya hemos resuelto en *Cerra* v. *González,* 29 D.P.R. 289, *Padua* v. *Corte Municipal,* 55 D.P.R. 810 y *Fajardo Sugar Growers Association* v. *Rosa,* 65 D.P.R. 314, que cuando se trata de un contrato de arrendamiento de servicios y habitación para el que los presta, si requerido éste para que entregue la casa al cesar en su empleo se niega a entregarla, su posesión no puede calificarse de precaria y sí de una que tiene su origen en el contrato de arrendamiento de servicios. En *Cerra* v. *González,* supra, resolvimos que "La posesión precaria se origina generalmente por actos de liberalidad, o de mera tolerancia, o por abandono o desconocimiento del propietario. Cuando existe un contrato, la cuantía del mismo controla necesariamente la jurisdicción."

■ El artículo 622 del Código de Enjuiciamiento Civil, edición de 1933, dispone:

"Tendrán jurisdicción para conocer de las demandas sobre desahucio, los jueces municipales del distrito en que radique la finca, cuando el canon, de los arrendamientos o el precio o cantidad que, por virtud de cualquier contrato, deba pagarse, computado por una anualidad, no exceda de mil dólares.

"En todos los demás casos conocerán de dichas demandas las cortes del distrito en que la finca radique; . . ."

El artículo 1477 del Código Civil, edición de 1930, dispone que la despedida de los empleados de labranza, menestrales y demás empleados asalariados, "da derecho a desposeerlos de toda herramienta y edificios que ocuparen por

razón del contrato." Igual derecho concede el artículo 621 del Código de Enjuiciamiento Civil, edición de 1933.

En *Padua* v. *Corte Municipal,* supra, el desahucio fué entablado para desposeer al demandado del edificio que ocupaba a virtud de un contrato de arrendamiento de servicios en que parte de la retribución por su trabajo se compensaba con la casa que habitaba, propiedad del demandante. La cuantía por los servicios se fijó en $30 mensuales y además el derecho a ocupar como vivienda la casa objeto del desahucio, pero no se fijó el valor que se daba a la ocupación de la casa. Resolvimos, citando las decisiones del Tribunal Supremo de España de julio 8 de 1898 y de 23 de diciembre de 1904, que "no excediendo de la cuantía jurisdiccional de mil dólares anuales el precio o cantidad envuelta en el contrato entre las partes litigantes, debemos resolver que la corte de distrito de Arecibo no erró al decidir que la Corte Municipal de Utuado tenía jurisdicción para decretar el desahucio."

En *Fajardo Sugar Growers Association* v. *Rosa,* supra, donde tampoco se había estipulado por las partes el canon de arrendamiento de la casa ocupada por el demandado, resolvimos que la jurisdicción para conocer de la demanda de desahucio radicada por la Central contra uno de sus trabajadores correspondía a la corte municipal y no a la de distrito.

En el caso de autos el juez de la corte inferior declaró probado que el demandado percibía un sueldo de $75 mensuales y como parte de su compensación, tenía derecho a usar la casa de vivienda antes referida. Es verdad que en la demanda se alegó que la casa podía rentar $20 mensuales, pero esa alegación no implica que el demandado y la demandante hubieran pactado que él ocuparía la casa en concepto de arrendamiento por el canon de $20 mensuales y que tal cantidad no tenía que pagarla porque ambas partes lo consideraban como una compensación adicional a los $75 mensuales que el demandado recibía por concepto de sueldo. Como dijo la corte inferior: ". . . la propia demandante dejó consig-

nado, tanto en sus alegaciones como en su prueba, que la casa . . . fué cedida al demandado para habitarla con su familia *como una facilidad de su empleo y sin pagar renta alguna por ello.''* (Bastardillas nuestras.) En tales circunstancias, debemos partir de la premisa de que la compensación fijada por el contrato de servicios era de $75 mensuales, o sea $900 anuales y siendo esa cantidad menor ·de la fijada por la ley para conferir jurisdicción a las cortes de distrito en casos de desahucio, no erró la corte inferior al desestimar la demanda por falta de jurisdicción.

*La sentencia recurrida debe ser confirmada.*