Rafael Maldonado, demandante y apelante, v. Cecilio Rivera Figueroa y Manuel Rivera, demandados y apelados.

Núm. 10590.—*Sometido:* Noviembre 15, 1951. *Resuelto:* Noviembre 30, 1951.

*Aníbal Padilla,* abogado del apelante; *Frank Torres,* abogado del apelado Manuel Rivera.

EL JUEZ ASOCIADO SEÑOR SNYDER emitió la opinión del tribunal.

Una vez más nos confrontamos con el problema de determinar si un recurso de desahucio fué correctamente radicado ante el tribunal de distrito o si debió haberse radicado ante el tribunal municipal. Después de un juicio en los méritos, el tribunal de distrito, donde originalmente se radicó el recurso, hizo las siguientes conclusiones de hecho:

El demandante, dueño de un finca de 115 cuerdas, convino verbalmente con Cecilio Rivera Figueroa en darle a éste en arrendamiento por el término de cinco años la referida finca por un canon anual de $400, pagadero por adelantado. Las partes convinieron en otorgar el contrato por escrito cuando Rivera Figueroa pagara al demandante la suma de $1,200, por haber ya pagado a éste $800 al cerrarse el convenio oral. Cuando se otorgó el contrato por escrito, Cecilio Rivera Figueroa no pudo pagar los restantes $1,200.

El demandante concedió a Rivera Figueroa una prórroga de treinta días para hacer el pago. Expirado dicho término,

Rivera Figueroa informó al demandante que no le podía pagar los $1,200 y solicitó que el contrato escrito fuera modificado verbalmente para reducir el arrendamiento a dos años, período por el cual ya el canon de arrendamiento había sido pagado por adelantado.

Rivera Figueroa y Manuel Rivera celebraron un contrato de subarrendamiento por escrito en relación con la finca aquí envuelta, el 28 de abril de 1950, nueve meses después de haber el demandante cedido la finca en arrendamiento a Rivera Figueroa. En este momento el tribunal de distrito manifestó que no hacía conclusión de hecho alguna en cuanto al término del subarrendamiento, ya que esto era innecesario para decidir el caso.

El 13 de junio de 1951 el demandante, acompañado de Rivera Figueroa, fué a la finca y en presencia de Manuel Rivera, Rivera Figueroa le preguntó al demandante si éste estaba dispuesto a seguir con Manuel Rivera como arrendatario cuando se venciera el contrato de arrendamiento por dos años, según había sido modificado verbalmente por el demandante y Rivera Figueroa. El demandante le dijo que no interesaba hacer eso y además le informó a Manuel Rivera que solamente le quedaba un mes más para permanecer en la finca, el cual expiraría el 13 de julio de 1951, por razón de que el contrato modificado existente entre el demandante y Rivera Figueroa vencería en dicha fecha. Expirado dicho mes Manuel Rivera rehusó desalojar la finca, alegando que tenía derecho a permanecer en ella por todo el período de cinco años originalmente convenido entre el demandante y Rivera Figueroa, de quien Manuel Rivera había otenido el subarrendamiento.

A base de estos hechos, el tribunal de distrito desestimó el recurso por falta de jurisdicción. Manuel Rivera ha radicado ante este Tribunal su alegato como apelado, no haciéndolo así Rivera Figueroa. El único punto sustancial que levanta el apelante es la cuestión de jurisdicción. De los autos no aparece la transcripción de evidencia. Por con-

siguiente, tenemos que aceptar las conclusiones de hecho de la corte inferior. Estas fueron al efecto de que el arrendadatario tenía un contrato de arrendamiento por dos años. Sin embargo, antes que el término de este arrendamiento hubiera expirado, el subarrendatario entró en posesión de la finca bajo un válido contrato verbal de subarrendamiento. Véase el artículo 1440 del Código Civil, ed. de 1930.(¹) El arrendador tenía conocimiento de este subarrendamiento y de que el subarrendatario tenía la posesión de la finca antes de que el convenio original expirase. Bajo estas circunstancias, el apelado Manuel Rivera no era un detentador. Y toda vez que el canon anual era menos de $1,000, el tribunal de distrito correctamente resolvió que ro tenía jurisdicción. Véanse *Padua* v. *Corte Mpal.*, 55 D.P.R. 810; *Sucn J. Serrallés* v. *Loyola*, 67 D.P.R. 217. *Cf. Miranda* v. *Jarabo*, 64 D.P.R. 898.

El apelante descansa, entre otros, en el caso de *Ruiz* v. *Martínez*, 55 D.P.R. 692. Este caso es distinguible. En él el contrato de arrendamiento original expiró y el demandado alegaba que después de haber éste expirado celebró un convenio de subarrendamiento y obtuvo la posesión. Bajo estas circunstancias, el supuesto subarrendatario estaba en la misma posición como si hubiera celebrado un contrato con una persona que nunca tuvo la posesión de la finca y era, por tanto, un precarista. Pero aquí, como ya se ha indicado, inmediatamente antes de la radicación del recurso, el apelado estaba legalmente en posesión con conocimiento del dueño a tenor con un contrato válido de subarrendamiento. Si bien el dueño tenía derecho a lanzar al apelado si el arrendamiento original era sólo por dos años, bajo estas circunstancias el subarrendatario estaba en la misma posición que al arrendatario original y en consecuencia, no era un detentador.

_____

(¹) *Cf.* artículo 4 de la Ley núm. 464, Leyes de Puerto Rico, 1946 ((1) pág. 1327), según fué enmendado por la Ley núm. 201, Leyes de Puerto Rico, 1948 ((1) pág. 575), que no es de aplicación a la finca de 115 cuerdas aquí envuelta.

El apelante también descansa en varios casos recientes que no son de aplicación aquí. Por tanto, es innecesario discutirlos. *Cf. Torres* v. *Biaggi,* ante, pág. 869.

*La sentencia del tribunal de distrito será confirmada.*