SANDALIO TORRES, demandante y apelado, *v.* ANTONIO DÁVILA, demandado y apelante.

No. 6356.—*Sometido:* Mayo 10, 1934. *Resuelto:* Julio 26, 1934.

R. *Cuevas Zequeira,* abogado del apelante; *Carlos D. Vázquez,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

Se admite que la esposa del demandante fué mordida por un perro bravío y que sufrió lesiones. La prueba tendió a

---

* NOTA: Véase el prefacio.

demostrar que el demandado sabía que el perro era bravo. La corte dictó sentencia en favor del demandante por la suma de $250.

En esta corte, al igual que en la inferior, la controversia giró sobre el conflicto de la prueba. El demandado trató de demostrar, principalmente, que el perro no era suyo, sino de su *chauffeur;* que el perro frecuentemente no estaba en su casa y que él no tenía ni la propiedad ni la posesión del animal.

Hubo prueba tendiente a demostrar que el perro pertenecía al demandado y que él admitió este hecho. Uno está obligado a convenir con el apelante en que las admisiones deben recibirse con cautela, más ésta es cuestión que cae dentro de la sana discreción del juez sentenciador. Si éste se hubiese basado exclusivamente en dichas admisiones, poco habría que decir en este recurso.

Empero, la corte dijo:

''En cuanto a la propiedad o custodia' del animal, descartando la declaración de Cristino Santiago, por lo que pudiera tener de interesada, la declaración de Tomasa Torres, hija de Julia Rosario, al efecto de que el propio demandado admitió la propiedad o posesión del perro, así como la de Miguel Emmanuelli, quien también reside en la urbanización de Floral Park en Río Piedras, y es vecino de Dávila y ha visto el perro por allí, si bien manifestando que el perro era de un *chauffeur* de Dávila que se llama Germán, y aún la propia declaración del demandado manifestando que si atendió a la curación y suministró dinero para el pago de las medicinas y para atenciones de la lesionada, lo hizo por puro espíritu de humanidad, nos llevan a la conclusión lógica y firme de que el perro, aún aceptando que fuera regalado al *chauffeur* German Negrón, estaba constantemente en casa del demandado, quien lo albergaba en la misma, y por lo tanto, bajo su inmediata posesión. No se explica, de toda suerte, que un perro de un sirviente o empleado de una persona sea tolerado en la casa del patrono con la frecuencia que el testigo dijo que lo veía y con la aceptación que el propio demandado hizo en su declaración, aparte de la conducta de éste, que equivale a una plena admisión. El artículo 1805 del Código Civil de Puerto Rico dispone que el poseedor de un animal o el que se sirve de él, es responsable de los perjuicios

que causare, aunque se le escape o extravíe; y que sólo cesará esta responsabilidad en caso de que el daño provenga de fuerza mayor o de culpa del que lo hubiere sufrido. Aún cuando las partes sometieron el caso sin hacer alegación alguna, este artículo 1805 del Código Civil de Puerto Rico, (Ed. 1930), ha sido interpretado por nuestro Tribunal Supremo en el caso de *Redinger* v. *Crespo*, 18 D.P.R. 108.''

No obstante convenimos con el apelado en que la corte creyó el testimonio tendiente a probar las admisiones del demandado. De lo contrario habría poca razón para referirse a la conducta observada por el demandado. Nos deberíamos sentir obligados a confirmar la sentencia tan sólo por este fundamento.

Para estar más en lo cierto, sin embargo, la corte llegó a la conclusión y resolvió que aún perteneciendo el perro al *chauffeur*, el artículo 1805, Ed. 1930, era aplicable. Hubo prueba tendiente a demostrar, conforme dijo la corte, que el perro estaba constantemente en casa del demandado, quien lo albergaba en la misma, y por lo tanto lo tenía bajo su inmediata posesión.

Incidentalmente podría decirse que el distinguido letrado del apelante también fué el abogado en la corte inferior y es evidente que la corte fué impresionada por las contenciones de este letrado, y que trató de afrontarlas. De ahí la ligera ambigüedad existente en las conclusiones de la corte.

Bajo los hechos del caso no hallamos que se cometiera error en la aplicación del artículo 1805. Tanto la prueba directa, como la circunstancial, tienden a demostrar la propiedad y la posesión del animal.

Tan pronto como la corte se convenció de la veracidad de la mayor parte de la prueba del demandante, y no dió crédito a la del demandado, la imposición de las costas caía dentro de su sana discreción, y no hallamos que se cometiera abuso.

*La sentencia apelada debe ser confirmada.*

El Juez Asociado Señor Hutchison está conforme con la sentencia.