BONIFACIO TROCHE, menor de edad, representado por su padre con patria potestad CARMELO TROCHE CARABALLO, demandante y apelante, *v.* JOSÉ MATOS Y MATOS, demandado y apelado.

Núm. 7284.—*Sometido:* Noviembre 3, 1937. *Resuelto:* Noviembre 15, 1937.

*Carlos D. Vázquez,* abogado del apelante; *H. Torres Solá,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR WOLF emitió la opinión del tribunal.

José Matos y Matos era dueño de un perro policía que tenía suelto dentro del patio de su casa. Una verja de alambre de seis pies de alto rodeaba la propiedad con el objeto de impedir que el animal pudiera escaparse. La corte sentenciadora llegó a la conclusión de que Bonifacio Troche, el demandante, pasaba junto a la propiedad cuando vió algunos mangos en el suelo hacia la parte interior de la verja; que introdujo una varita a través de los alambres y la manipuló con el objeto de arrastrar algunas de las frutas hasta el borde de la cerca; que entonces metió el brazo dentro de la verja y fué mordido por el perro.

La única cuestión que realmente surge en apelación es si, asumiendo los hechos anteriores como ciertos, y éstos no son seriamente atacados, el demandado como dueño del perro tenía alguna responsabilidad. La corte inferior lo exoneró de toda responsabilidad, fundada en que el caso constituía una excepción al artículo 1805 de nuestro código civil (ed. de 1930), que provee:

"El poseedor de un animal, o el que se sirve de él, es responsable de los perjuicios que causare, aunque se le escape o extravíe. Sólo cesará esta responsabilidad en el caso de que el daño proviniera de fuerza mayor o de culpa del que lo hubiese sufrido."

La frase "de culpa del que lo hubiese sufrido" es la cuestión importante a considerarse.

No estamos de acuerdo con el apelante en su contención de que como los muchachos tenían la costumbre de hacer lo que el aquí demandante hizo, debe llegarse a la conclusión de que existía una invitación tácita por parte del demandado. Este, luego de cercar su finca y de protegerla de transgresores, no tenía otra cosa que hacer para alejar a los niños. El argumento, si acaso, sostiene la idea de que el perro no era fiero, puesto que no se demostró que había mordido a nadie más bajo las mismas circunstancias.

La responsabilidad proveniente de la posesión de un animal es, bajo el derecho civil, bastante seria. No se basa aparentemente en negligencia sino en la mera posesión o servicio. El apelante ha citado una sentencia del Tribunal Supremo de España (sentencia de octubre 19, 1909, publicada en 116 Jurisprudencia Civil pag. 120) y varios párrafos de Manresa y Martínez Ruiz, los bien conocidos comentaristas del Código Civil español. Las citas sostienen el principio de que la negligencia del dueño carece de importancia, y no diferimos. Sin embargo, el apelante ha dejado de presentarnos alguna verdadera autoridad respecto a la interpretación de la frase "culpa del que lo hubiese sufrido." Cita un párrafo de Laurent sobre el Código Civil francés, que dice:

"La responsabilidad del dueño cesa cuando el hecho perjudicial fué provocado por culpa de la parte lesionada; si por ejemplo, ha excitado o provocado al animal. El dueño debe probar la culpa.

"Puede haber una culpa que reprochar a la víctima y el dueño puede no obstante ser declarado responsable si no llega a probar que el accidente ha sucedido por culpa única de la víctima." (Tomo 20, pág. 800, párr. 630.)

La cita anterior es un ejemplo claro de un caso en que el dueño de un perro estaría exento de responsabilidad, más no excluye todas las otras situaciones en que se obtendría el mismo resultado.

La jurisprudencia americana mencionada por el demandante no es claramente aplicable. En la mayoría si no en todos los casos, existía un estatuto que hacía prácticamente absoluta la responsabilidad del poseedor o dueño de un animal o perro fiero, aún contra los transgresores. Nuestro estatuto exige una interpretación distinta

La palabra "culpa" que aparece en el artículo 1802 del Código Civil, ed. de 1930, ha sido interpretada ya por este tribunal. A nuestro juicio, debe darse la misma interpretación a dicha palabra al aparecer en el artículo que discutimos. El artículo 1802 define la fuente general de la acción torticera en Puerto Rico.

En el caso de *Busó et al.* v. *Martínez,* 18 D.P.R. 1035, 1038, se usó la palabra "culpa" como sinónima de *tort.* En varios otros casos se hizo referencia a actos que muy bien podrían ser calificados bajo el término de "maliciosos" o "fraudulentos" o "ilegales," en el sentido de que caían dentro del significado de la palabra "culpa," dando así lugar a una acción bajo el artículo 1802.

Estamos convencidos de que el proceder del niño en este caso, al meter el brazo ilegalmente dentro de la finca del demandado con el objeto ilegal de apropiarse de ciertas frutas, fué la causa directa de sus lesiones, y que éstas pueden ser calificadas como provenientes de su culpa. En Puerto Rico la responsabilidad del dueño de un perro por las lesiones causadas por éste a un tercero no es ilimitada. Los comentarios al Código Civil español, supra, deben ser interpretados a la luz de la situación específica envuelta, teniendo debida consideración no sólo de los derechos de la persona lesionada sino también de los del poseedor del animal. No creemos conveniente o aconsejable proteger a un transgresor cuando se desprende que el dueño del animal lo tenía dentro de su propiedad en tal forma que a éste se le hubiera hecho imposible lesionar o herir a alguien que no violara la soledad del recinto del demandado.

Los hechos presentan una situación en la que cualquier duda en torno a la interpretación de la palabra "culpa" debe resolverse en favor de la parte demandada.

*La sentencia apelada debe ser confirmada.*

El Juez Asociado Señor Córdova Dávila no intervino.