MARÍA VÉLEZ VDA. DE ALICEA, demandante y apelada, *v.* LUISA OROZCO VDA. DE POOL, demandada y apelante.

Núm. 8091.—*Sometido:* Noviembre 4, 1941. *Resuelto:* Noviembre 25, 1941.

*R. Ramírez Pabón,* abogado de la apelante; *Alejandro Lamour,* abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR TRAVIESO emitió la opinión del tribunal.

La demandante alegó en su demanda que el día 27 de septiembre de 1936, en momentos en que ella bajaba de una casa en donde se le había contratado como cocinera, fué atacada por un perro policía perteneciente a la demandada, quien lo tenía bajo su posesión y custodia, permitiendo que anduviese suelto y sin bozal; que el perro la lanzó al pavimento y le infirió varias mordeduras y arañazos en la pierna izquierda; que con motivo de dichas heridas, la demandante se vió obligada a guardar cama durante más de un mes, ha quedado coja, se encuentra imposibilitada para trabajar y ha sufrido y sufre intensas crisis nerviosas, etc.; y, por último, que los daños por ella sufridos ascienden a la suma de $2,385, por la que pide sentencia en contra de la demandada.

Anotada la rebeldía de la demandada y visto el caso sin su comparecencia, la corte inferior dictó sentencia condenando a la demandada al pago de $250 como compensación, más las costas, sin incluir honorarios de abogado. Contra esa sentencia la demandada interpuso el presente recurso, basándolo en los siguientes señalamientos de error:

"1. La corte erró al colocar sobre la apelante la responsabilidad de los daños causados por el perro que mordió a la apelada y al condenar a la apelante a pagar indemnización como compensación de dichos daños.

"2. La corte erró al declarar sin lugar la moción sobre reconsideración de sentencia presentada por la apelante.

"3. La corte erró en su apreciación de la prueba aportada por la apelada.

"4. La corte erró al fallar este asunto declarando con lugar la demanda y concediendo costas a la apelada."

Los discutiremos conjuntamente, pues todos se refieren a la suficiencia de la evidencia y a su apreciación por la corte sentenciadora.

Examinando la evidencia ofrecida por la demandante, el juez sentenciador llegó a las siguientes conclusiones:

". . . De las alegaciones y de la prueba practicada, resulta lo siguiente: la demandante es una mujer como de 48 a 50 años de edad de oficio lavandera y cocinera; penetró en el patio de la casa de la demandada en donde fué atacada por un perro sufriendo mordeduras y arañazos en la pierna izquierda; de estas mordeduras fué asistida por una *nurse* y por el Dr. Soto Rivera, en el Hospital Municipal de Río Piedras. La nurse, que se llama Felícita González, compareció en la segunda vista de este caso y declaró que aplicó a la demandante una inyección de suero antitetánico, y que tanto el precio de la inyección como los honorarios por aplicarla fueron satisfechos por doña Luisa, no dijo el apellido; cuando aplicó la inyección la demandante tenía la pierna hinchada y con marcas de haber sido mordida; no conoce a doña Luisa ni sabe quién es.

" *       *       *       *       *       *       *

"Los testigos Juan Guadalupe y Rita Escobar presenciaron cuando el perro atacó a la demandante y cuando alguien la separaba de ser atacada y vió también que el perro fué introducido en la casa de la demandada después del accidente. Por último, en la sesión del día 23 de junio compareció doña Luisa Orozco como testigo de la demandante y en sustancia declaró recordar que en el patio de su casa un perro mordió a una señora, pero manifestó que el perro no era de su propiedad, que era un perro que apareció en su casa realengo, que se iba y volvía; entiende que era de unos vecinos venezolanos, pero admite que el perro iba con frecuencia a su casa y

allí en algunas ocasiones le daban alimentos. Declaró también ser cierto que ordenó se pusiera una inyección antitetánica a la señora mordida, la que pagó más bien como una obra de caridad; que la señora estaba enferma y no le pidió nada; que fué el abogado quien a los 11 meses de ocurrido el accidente estuvo en su casa a pedir que le diera algo, y a pregunta del mismo abogado manifestó que en ese caso, es decir, 11 meses después el perro estaba en aquella ocasión en su casa.

" *      *      *      *      *      *      *

A nuestro juicio, la evidencia es ampliamente suficiente para sostener las conclusiones de la corte inferior. La declaración de la demandada, quien como es natural era una testigo hostil a la demandante, produce en nuestro ánimo la impresión de que la demandada era en realidad la dueña de aquel perro que once meses después del accidente aparecía aún en la sala de su casa.

En *Gigante* v. *Alvarez,* 48 D.P.R. 498, los hechos eran muy parecidos a los del caso de autos. Y aplicando el artículo 1805 del Código Civil, resolvimos que aun cuando el demandado Alvarez no fuese el dueño del perro, bastaba que le tuviera y le albergara en su casa para hacerle responsable de los perjuicios causados a la demandante. Véanse: Martínez Ruiz, "Interpretación al Código Civil" (Ed. 1908) vol. 11, pág. 149; *Redinger* v. *Crespo,* 18 D.P.R. 108; y *Torres* v. *Dávila,* 47 D.P.R. 315.

*Opinamos que la sentencia recurrida se ajusta a la ley y a la jurisprudencia y debe por lo tanto ser confirmada.*