JUAN RUIZ BETANCOURT, demandante y apelado, *v.* MANUEL SOLÍS SARIEGO, demandado y apelante.

Núm. 8638.—*Sometido:* Marzo 23, 1943. *Resuelto:* Abril 28, 1943.

*A. L. López,* abogado del apelante; *J. C. Rivera Morales,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR TRAVIESO emitió la opinión del tribunal.

En su demanda radicada ante la Corte de Distrito de Humacao, Juan Ruiz alegó haber sido mordido en los brazos y en la pierna derecha por una perra, cuyos servicios utilizaba el demandado; que éste tenía la perra a veces amarrada con cadena y a veces suelta en un zaguán que conduce a un patio contiguo a su panadería; y que el día del suceso, encontrán-

dose el demandante en la calle, la perra salió corriendo d
zaguán y le mordió, causándole heridas que le obligaron
hacer gastos en medicinas, le impidieron dedicarse a sus la
bores habituales y le causaron sufrimientos físicos y angus
tias morales, por todo lo cual reclamó una indemnización d
$600, más las costas y honorarios de abogado.

El demandado contestó negando los hechos esenciales d
la demanda y alegó que el demandante sabe que él no e
dueño de la perra y sólo trata de obtener dinero del deman
dado.

La corte inferior dictó sentencia condenando al deman
dado al pago de $380 más las costas, incluyendo la suma d
$75 para honorarios de abogado.

En apoyo de su recurso, el demandado apelante aleg;
que la corte sentenciadora erró al apreciar la prueba y a
hacer al demandado responsable de los daños y perjuicio;
reclamados por el demandante.

Al considerar la evidencia presentada por ambas par
tes, la corte inferior descartó por completo la ofrecida po
el demandado, por no merecerle crédito alguno. La del de
mandante, a la cual dió entero crédito el juzgador, demues
tra que aún cuando el demandado no era dueño de la perra
la utilizaba para que le cuidase sus propiedades. Hemos exa
minado toda la prueba y no podemos convenir con el ape
lante en que haya habido error manifiesto en su apreciación.

El artículo 1805 del Código Civil, Ed. 1930, hace res
ponsable de los daños y perjuicios que pueda causar un ani
mal, al poseedor o al que se sirva de él, aún cuando se le
escape o extravíe, salvo en el caso de que el daño provenga
de fuerza mayor o de culpa del perjudicado. Resultando de
la prueba practicada en el caso de autos que el demandado
se servía de la perra que mordió al demandante para cuidar
sus propiedades y que el daño que recibió el demandante no
provino de su propia culpa o negligencia, son aplicables las
decisiones de este tribunal en *Torres* v. *Dávila,* 47 D.P.R.

315; *Gigante* v. *Alvarez*, 48 D.P.R. 498; *Ferrer* v. *Rivera*, 56 D.P.R. 504 y *Vélez* v. *Orozco*, 59 D.P.R. 518. Véase: *Martínez Ruiz*, "Interpretación al Código Civil," Vol. 11 pág. 149.

*La sentencia recurrida debe ser confirmada.*