AURELIO BONILLA y ELADIA SANTIAGO, demandantes y apelantes, *v.* LOÍZA SUGAR COMPANY, demandada y apelada.

Núm. 9417.—*Sometido:* Mayo 1, 1947. *Resuelto:* Mayo 29, 1947.

---

*Benjamín Ortiz* y *Álvaro Ortiz*, abogados de los apelantes; *Sifre, Franceshi & Sifre*, abogados de la apelada.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del tribunal.

Se trata de una acción de daños y perjuicios en la cual la Corte de Distrito de San Juan declaró con lugar una moción de *nonsuit* presentada por la demandada y dictó sentencia desestimando la demanda. Los demandantes apelaron y en este recurso alegan, como único señalamiento, que "la corte inferior cometió error de derecho al no aplicar la doctrina del peligro atrayente (*attractive nuisance*) en este caso y al declarar con lugar la moción de nonsuit presentada por la demandada y dictar sentencia declarando sin lugar la demanda."

Del examen que hemos hecho de la transcripción de evidencia obrante en autos, consideramos que los hechos que la corte sentenciadora declaró probados, a virtud de la prueba de la demandante, y según aparecen en su "Exposición de Hechos Probados y Conclusiones de Derecho" se ajustan a dicha prueba y al efecto los transcribimos a continuación:

"1. Que la demandada tiene tendida en el barrio Ausubal de Canóvanas una vía de ferrocarril, sobre la cual acostumbra estacionar vagones para la carga y transportación de cañas de azúcar.

"2. Que paralelo a dicha vía, y como a tres pies de distancia de ésta, discurre un camino o más bien vereda, por el cual acostumbran transitar los vecinos de dicho barrio, y cuya vereda se encuentra a un nivel más bajo que el terraplén sobre el cual está tendida la referida vía.

"3. Que el día *18 de noviembre de 1942*, la demandada tenía estacionados en dicha vía y sitio tres vagones: dos de ellos en un grupo y el otro separado a cierta distancia de aquéllos.

"4. Que la demandante *Eladia Santiago*, que vivía en dicho barrio, se había trasladado al pueblo de Canóvanas, en dicho día, llevando a su hija de *tres* años de edad para ser examinada por un médico, y a su regreso del pueblo transitaba por el camino o vereda antes dicha, con su hija al hombro en dirección a su casa, como a eso de la *una* de la tarde. Debido a que dicho camino estaba enfangado, dicha demandante con su hija al hombro, allí y entonces abandonó dicho camino o vereda y se subió al terraplén de la vía siguiendo su marcha por sobre los rieles y traviesas de ésta.

"5. Que mientras dicha demandante así transitaba por sobre los raíles y traviesas de dicha vía en dirección al vagón que estaba primeramente estacionado en ésta, unos niños del vecindario que jugaban allí y entonces con los otros vagones, empujaron éstos en dirección hacia el otro vagón solitario a que se aproximaba dicha demandante con su hija, haciendo chocar a aquéllos con éste en el preciso momento en que dicha demandante y su hija llegaban al mismo. el cual, al recibir el impacto de los otros dos vagones dió un golpe a dicha demandante, cayendo ésta al suelo y perdiendo el conocimiento, y desprendió de sus brazos a su pequeña hija, que fué a caer sobre las vías a cierta distancia y sufrió lesiones graves, a consecuencia de las cuales falleció el mismo día."

A virtud de estos hechos resolvió la corte que la demandada no es responsable de los daños causados a los demandantes, primero, porque no resulta de la evidencia, ni puede inferirse de ésta, que los niños que pusieron en movimiento los vagones fueran agentes o empleados de la demandada en el desempeño de trabajo alguno para ésta o con ocasión de sus funciones como tales; segundo, porque la demandada no estaba obligada a anticipar la presencia de la demandante

caminando con su hija en brazos sobre sus vías en dicho sitio y al así transitar actuaban como intrusos (*trespassers*) para con quienes la demandada no tenía ningún deber en ley; tercero, porque la demandada no ejercitó ningún acto, ni incurrió en ninguna omisión que puedan considerarse legalmente constitutivos de culpa o negligencia para con la menor interfecta ni infringió deber legal alguno para con ésta; cuarto, porque dicho accidente tuvo como única causa próxima e inmediata la negligencia de la demandante Eladia Santiago, y quinto, porque, aun cuando los actos de los niños que empujaron los vagones hubieran sido imputables a la demandada y pudiera remotamente considerarse a ésta incursa en negligencia, también medió en el accidente la negligencia contributoria de la demandante Eladia Santiago imputable a la interfecta al abandonar su posición de seguridad en el camino o vereda por donde caminaba y subirse intrusamente al terraplén de la vía para transitar por sobre los raíles y traviesas de dicha vía con su hija en brazos, cuya negligencia contributoria fué la causa próxima e inmediata de dicho accidente.

Hemos leído detenida y cuidadosamente la transcripción de la evidencia en este caso y somos de opinión que las conclusiones de hechos probados a que llegó la corte inferior están sostenidas por la prueba. De acuerdo con dichos hechos no erró la corte sentenciadora al no aplicar la doctrina del peligro atrayente en este caso. No citan los apelantes autoridad alguna que sostenga que dicha doctrina es aplicable cuando la persona lesionada es un tercero y no el propio niño al intervenir con o poner en movimiento el instrumento, aparato o máquina que, por su naturaleza atrayente para los niños, causó el daño. El caso de *Ramos* v. *Sucn. Serrallés*, 51 D.P.R. 343, citado por ellos, es claramente distinguible e inaplicable.

Pero es que aceptando, sin resolverlo, que dicha doctrina pudiera ser aplicada a un caso cuyos hechos especialísimos justificaran que se extendiese a daños causados a un

tercero, sea éste mayor o menor de edad, los probados en el de autos demostraron que la causa próxima del accidente no fué el hecho de que los niños pusiesen en movimiento los vagones de la demandada, sino el haber la demandante Eladia Santiago abandonado el camino o vereda por donde caminaba y haberse subido al terraplén donde estaban las vías y continuar caminando por encima de las traviesas. De no haber ella abandonado el sitio de seguridad por donde tenía derecho a transitar, los vagones puestos en movimiento por los niños hubieran continuado discurriendo por las vías sin causarle daño alguno a ella o a su hija. No podía la demandada anticipar que la demandante actuaría en la forma en que lo hizo, aun cuando aceptáramos, sin resolverlo, que pudo haber previsto o anticipado que unos niños pusieran en movimiento los vagones.

██ La prueba de la demandante no demostró que la demandada dejara de cumplir con algún deber hacia la menor fallecida o para con la demandante Eladia Santiago. No incurrió, por tanto, en negligencia, pero aun cuando hubiera incurrido, tampoco sería responsable de daños por el accidente, ya que la prueba demostró que la demandante incurrió en negligencia contributoria y que ésta fué la causa próxima del accidente. Ya hemos resuelto que un demandado puede descansar exclusivamente en la prueba del demandante para sostener dicha defensa. *Ortiz* v. *Am. Railroad Co.*, 62 D.P.R. 181, 197.

*Debe confirmarse la sentencia apelada.*