Domingo Beltrán Molina y Juana Torres, demandantes y apelantes, *v.* Sucesión J. Serrallés, demandada y apelada.

Núm. 9909.—*Sometido:* Mayo 2, 1949. *Resuelto:* Junio 15, 1949.

*Benjamín* y *Álvaro Ortiz,* abogados de los apelantes; *Enrique Báez García* y *Leopoldo Tormes García,* abogados de la apelada.

EL JUEZ ASOCIADO SEÑOR SNYDER emitió la opinión del tribunal.

Domingo Beltrán Molina fué empleado de la Sucesión J. Serrallés desde 1937 al 1944. Como una de las facilidades de su empleo, se le permitía vivir con su esposa e hijos en una casa propiedad de y radicada en terrenos de la Sucesión. Tenía Beltrán el uso exclusivo de la casa y un pedazo de tierra alrededor de la misma, en el cual tenía algunas pequeñas siembras. La casa está situada a alguna distancia del camino, dentro de un cercado utilizado por la Sucesión para el cuido de ganado vacuno y caballar.

Con el fin de protegerse él y su familia del ganado, Beltrán construyó alrededor de la casa una cerca de alambres de púas. Por algunas semanas antes del 14 de diciembre de 1944 permanecía en el suelo una parte de la cerca que circundaba la casa, con algunos espeques rotos. En dicho día mientras un hijo de Beltrán de cuatro años de edad, jugaba en el patio de la casa, una yegua de la Sucesión penetró por la parte caída de la cerca y le dió al niño una patada en la frente. Como consecuencia de ello el niño falleció y Beltrán y su esposa demandaron en daños a la Sucesión. Luego de un juicio en los méritos, se dictó sentencia a favor de la demandada. Los demandantes han apelado.

El artículo 1805 del Código Civil, ed. de 1930, prescribe como sigue:

"El poseedor de un animal, o el que se sirve de él, es responsable de los perjuicios que causare, aunque se le escape o extravíe. Sólo cesará esta responsabilidad en el caso de que el daño proviniera de fuerza mayor o de culpa del que lo hubiese sufrido."

A tenor con dicho artículo no es necesario probar la negligencia del dueño del animal que ocasionó el daño. La responsabilidad se predica en el mero hecho de ser dueño del animal. Por otro lado, no existe responsabilidad si el daño se ocasiona por culpa de la persona que lo recibe. *Ferrer v. Rivera*, 56 D.P.R. 504, y casos citados; *Vélez v. Orozco*, 59 D.P.R. 518; *Ruiz v. Solís*, 61 D.P.R. 815. *Cf. 2 Restatement, Torts*, sec. 484, pág. 1264.

El presente no es un caso instado por un padre con patria potestad a nombre de su hijo lesionado. *Cf. Gigante v. Alvarez*, 48 D.P.R. 498. Por tanto no está envuelta en este caso la cuestión de si en un pleito a beneficio de un menor, encontraríamos a un niño de cuatro años culpable de culpa, según ésta se define en el artículo 1805. *Cf. Castro v. González*, 58 D.P.R. 368, 381; *Hernández v. Acosta*, 64 D.P.R. 171; *Figueroa v. Picó*, 69 D.P.R. 401.

La cuestión presentada por este caso es si el dueño del animal puede alegar la negligencia del padre del niño muerto por aquél, en un pleito radicado por los padres en su propio beneficio. Hemos resuelto que la palabra *culpa* significa lo mismo en el artículo 1805 que en el artículo 1802. *Troche v. Matos*, 52 D.P.R. 282. Y hemos indicado que los demandados pueden levantar la defensa de la negligencia de los padres en un pleito de éstos a tenor con el artículo 1802 por la muerte del hijo. Véanse *Bonilla v. Loíza Sugar Co.*, 67 D.P.R. 385; *Castro v. González*, supra, pág. 382; *Hernández v. Acosta*, supra, pág. 182. Véanse también, *Annotations*, 23 A.L.R. 670; 69 A.L.R. 478; Prosser *on Torts*, págs. 422–24. *Cf. 2 Restatement, Torts*, secciones 493, 496, págs. 1279, 1285. En forma similar, cuando los padres demandan a nombre propio bajo el artículo 1805, el demandado tiene derecho a levantar la defensa de que la muerte sobrevino a consecuencias de la

negligencia de los padres. Llegamos a esta conclusión no empece el hecho de que, literalmente hablando, la defensa está predicada bajo el artículo 1805 en "culpa del que lo hubiese sufrido [el daño]."

■ Empleando el anterior enfoque, la corte de distrito llegó a la conclusión de que el accidente ocurrió debido a la culpa de Beltrán. Su razonamiento fué el siguiente: La causa próxima del accidente fué el no haberse reparado la cerca. Beltrán estaba en posesión de la casa bajo el derecho de habitación. *Padua* v. *Corte Municipal,* 55 D.P.R. 810; *Sucn. J. Serrallés* v. *Loyola,* 67 D.P.R. 217; *Escudero* v. *Corte,* ante, pág. 35. A tenor con los artículos 455 y 458 del Código Civil era el deber de Beltrán efectuar las reparaciones corrientes de la propiedad usada. Toda vez que él había construído la cerca como un elemento necesario para ejercitar su derecho de habitación, era su deber hacer las reparaciones corrientes para mantenerla en buen estado.

La corte de distrito empleó entonces el lenguaje siguiente: "El hecho de que la demandada, en alguna ocasión, reparase dicha cerca a requerimiento del demandante no altera nuestra conclusión en ausencia de una demostración de que la demandada se obligó y comprometió a reparar por su cuenta tal cerca como parte de su contrato con el demandante. Asumiendo, sin embargo, que la demandada hubiese estado obligada a efectuar tal reparación, la prueba del demandante deja de demostrar satisfactoriamente que hubiese hecho tal requerimiento a la demandada. Por el contrario, el testigo de la demandada, Ramón Antonio Delgado, primer mayordomo de la Hacienda Barrancas, declaró que nadie le llamó la atención sobre el estado de la cerca y que teniendo la demandada cercadores, empleados permanentemente para ello, si tal notificación se le hubiese hecho él hubiese mandado a arreglar dicha cerca. Concluímos, por lo tanto, que aunque asumiendo que la demandada estuviese obligada a reparar la cerca, el demandante Domingo Beltrán Molina fué negligente en dejar de

notificar a la demandada el estado de la cerca y permitir que tal estado continuase por varias semanas. El demandante fué, en todo caso, negligente y a su culpa debe achacársele el accidente que motivó la muerte de su hijo."

Ya que convenimos con el anterior razonamiento y nada tenemos que añadir al mismo, *la sentencia de la corte de distrito será confirmada.*