MANUEL LÓPEZ MEJÍAS, ETC., demandantes y recurrentes, *v.* EDUARDO GIFFORD ET AL., demandados y recurridos.

*Número:* 640        *Resuelto:* 26 de noviembre de 1963

*Práxedes Álvarez Leandri,* abogado de los recurrentes; *Rivera Zayas, Rivera Cestero & Rúa,* y *C. A. Romero Barceló,* abogados de los recurridos.

Sala integrada por el Juez Asociado Señor Belaval como Presidente de Sala y los Jueces Asociados Señores Hernández Matos y Santana Becerra.

EL JUEZ ASOCIADO SEÑOR HERNÁNDEZ MATOS emitió la opinión del Tribunal.

El Tribunal Superior, Sala de Caguas, se negó a conceder indemnización por los daños y perjuicios sufridos por el menor Manuel López Rosaly y por su padre Manuel López Mejías,

con motivo de haber mordido a dicho menor un perro de Eduardo Gifford, gerente local de Puerto Rico Tobacco Marketing Cooperative Association.

■ Después de un juicio sobre los méritos de la acción, el tribunal de instancia llegó a las siguientes conclusiones de hecho:

"1.—El día 7 de junio de 1960 y en horas de la tarde el menor demandante Manuel López Rosaly fue mordido por un perro policía llamado Iván propiedad del señor Eduardo Gifford, que para la fecha, era gerente local de la codemandada Tobacco Marketing, en la ciudad de Caguas.

"2.—El referido perro era un animal manso—y al ocurrir la mordida—se encontraba encerrado en una terraza de un segundo piso del edificio de la codemandada Tobacco Marketing en Caguas. Dicha terraza estaba protegida por una verja de hormigón que la separaba de un pasillo el cual se entraba directamente desde la primera planta del edificio pasando por una puerta que se cerraba a su vez con una tranca. (Véanse—exhibits 3, 5, 6 y 7 de la parte demandada.)

"3.—El·perro se encontraba en posesión del señor Eduardo Gifford y éste se servía del animal en su carácter personal aunque la Tobacco Marketing le toleraba que lo tuviera en su edificio.

"4.—El día del accidente el menor demandante penetró a la propiedad de la codemandada con un amigo suyo, Gabriel Antonio Vázquez (en cuya casa se estaba hospedando), con el propósito de jugar con los fardos de tabaco. Ambos entraron al edificio, subieron las escaleras, abrieron la puerta, llegaron al pasillo que daba a la terraza donde se encontraba el perro y a través de la verja de hormigón (la que separa el pasillo de la terraza) el menor demandante quiso acariciar el perro. Este ladró pero el menor demandante se le acercó y trató de agarrarle la cara con ambas manos. Fue en ese momento que se produjo la mordida pero manteniéndose siempre el·perro a su lado de la cerca.

"5.—El menor demandante tenía a la fecha del accidente 12 años de edad, había ya cursado su séptimo grado escolar y por su forma de declarar y sus reacciones a lo largo del juicio, lució ·ser un muchacho despierto y de normal inteligencia."

En las de derecho determinó que Gifford no era responsable bajo las disposiciones del Art. 1805 (¹) del Código Civil, como poseedor del animal, ni su patrono, porque "en este caso fue la culpa del menor . . . la única responsable por los daños por él sufridos", y que ni aun bajo su Art. 1802 lo era. Cita los casos de *Troche* v. *Matos,* 52 D.P.R. 282 (1937) y *Serrano* v. *López,* 79 D.P.R. 979 (1957).

Atribuyen los recurrentes a la Sala sentenciadora la comisión de los siguientes errores:

"A. El Tribunal Superior de Puerto Rico, Sala de Caguas, cometió grave error al concluir, como cuestión de derecho, que Eduardo Gifford no era responsable bajo el Art. 1802 del Código Civil de Puerto Rico, tal y como ha sido enmendado por la Ley #28, aprobada el 9 de junio de 1955, p. 87.

"B. El Tribunal Superior de Puerto Rico, Sala de Caguas, cometió grave error al concluir, como cuestión de derecho, que la Puerto Rico Tobacco Marketing Cooperative Association no era responsable bajo el Art. 1805 del Código Civil de Puerto Rico (Tit. 31, sec. 5144, L.P.R.A.).

"C. El Tribunal Superior de Puerto Rico, Sala de Caguas, cometió grave error al concluir, como cuestión de hecho y de derecho, que el menor era un transgresor.

"D. El Tribunal Superior de Puerto Rico, Sala de Caguas, cometió grave error al imputarle al menor demandante la sola culpa y negligencia en el accidente.

"E. El Tribunal Superior de Puerto Rico, Sala de Caguas, cometió grave error al no aplicar al presente caso la doctrina de culpa común consagrada en el Art. 1802 del Código Civil de Puerto Rico, tal y como ha sido enmendado por la Ley No. 28, aprobada el 9 de junio de 1956, pág. 87.

"F. El Tribunal Superior de Puerto Rico, Sala de Caguas, cometió grave error en la apreciación de la prueba."

---

(¹) El Art. 1805 del Código Civil dice así:

"El poseedor de un animal, o el que se sirve de él, es responsable de los perjuicios que causare, aunque se le escape o extravíe. Sólo cesará esta responsabilidad en el caso de que el daño proviniera de fuerza mayor o de culpa del que lo hubiese sufrido."

■ Ninguno de ellos fue cometido. Estimamos innecesario un estudio y discusión individual de cada señalamiento. De las circunstancias concurrentes en este caso lamentable y desgraciado, no puede en justicia surgir responsabilidad legal, en grado alguno, contra Gifford, ni mucho menos contra su patrono.

■ Todas las conclusiones de hecho están sostenidas por la evidencia presentada que fue, a juicio nuestro, correctamente apreciada.

Dijimos en el mencionado caso de *Troche* v. *Matos*, en lo pertinente, a la página 285:

"Estamos convencidos de que el proceder del niño en este caso, al meter el brazo ilegalmente dentro de la finca del demandado con el objeto ilegal de apropiarse de ciertas frutas, fue la causa directa de sus lesiones, y que éstas pueden ser calificadas como provenientes de su culpa. En Puerto Rico la responsabilidad del dueño de un perro por las lesiones causadas por éste a un tercero no es ilimitada. Los comentarios al Código Civil español, supra, deben ser interpretados a la luz de la situación específica envuelta, teniendo debida consideración no sólo de los derechos de la persona lesionada sino también de los del poseedor del animal. No creemos conveniente o aconsejable proteger a un transgresor cuando se desprende que el dueño del animal lo tenía dentro de su propiedad en tal forma que a éste se le hubiera hecho imposible lesionar o herir a alguien que no violara la soledad del recinto del demandado."

Aquí también se trata de un caso realmente gobernado por la excepción liberatoria de responsabilidad que provee el Art. 1805 citado.

*Por todo lo expuesto se debe confirmar la sentencia recurrida que fue dictada el 8 de noviembre de 1961, en el caso civil Núm. 60-2250 por la Sala de Caguas del Tribunal Superior.*